(No. 19393.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH JASINSKI, Plaintiff in Error.

*Opinion filed April 20, 1929.*

JOHN PRYSTALSKI, and JOHN OWEN, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, and HENRY T. CHACE, JR., of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was convicted in the criminal court of Cook county of the crime of rape, and he has sued out a writ of error to reverse the judgment.

The indictment consisted of two counts, one charging the crime of rape, and the other charging an assault with intent to commit rape.

Plaintiff in error was thirty-one years of age. The complaining witness was sixteen years of age. The latter lived in the city of Chicago, at the corner of Hamlin avenue, extending north and south, and Roscoe street, extending east and west. Her home faced west and abutted on the south

line of Roscoe street and on the east line of Hamlin avenue. The family garage is located east of the house, on the rear of the lot. Immediately across the alley, east, and facing north on Roscoe street, is a garage used by plaintiff in error, where the crime is alleged to have been committed. It has a large and a small door, which open on Roscoe street. On the night of September 20, 1927, at about ten o'clock, the complaining witness passed this garage on her return from night school. She and a girl friend of about the same age left the school together and walked to the home of the latter. From that point the route followed by complaining witness brought her along the south side of Roscoe street and past the garage used by plaintiff in error. When she reached the garage the large door was standing open. The place was lighted and plaintiff in error was locking the door of the car, which he had backed into the garage. The complaining witness had known him for some time, as he lived in the block just north of Roscoe street. Two months previous to that time she and her cousin had gone driving with him. He invited her to come into the garage, saying that he had found a rosary in his car and wondered if it belonged to her. She entered the garage and told him that the rosary did not belong to her but that it might belong to her cousin. Up to this point there appears to be no dispute in the evidence. The complaining witness testifies that after she entered the garage plaintiff in error closed the large door, turned out the light and seized her; that they struggled for more than five minutes, when she became unconscious; that later, when she regained consciousness, she was lying across his lap and he was attacking her, and that she again struggled to free herself and succeeded in getting away from him and ran home. Plaintiff in error admitted the presence of the complaining witness in the garage but said that she came in voluntarily and that he told her to get out, and that she did not do so but threw her arms around his neck and kissed him and that he kissed her, and

that that was all that occurred at that time. The testimony of the mother of the complaining witness is, that when the latter came into the house the police department was called; that she examined the complaining witness and found her clothing wet and sticky but did not find any blood; that they went with the police officers to the station; that the detectives took the girl over to the home of plaintiff in error. Joseph W. Stryzinski, a police officer, testified that he was called to the home of the complaining witness about eleven o'clock on that evening and went with her to the home of plaintiff in error, where she first pointed out the brother of plaintiff in error but later identified plaintiff in error as the man who attacked her. A number of witnesses testified that plaintiff in error bore a good reputation for chastity in the neighborhood in which he resides. The jury returned a verdict of guilty and fixed the punishment at three years in the penitentiary.

Plaintiff in error contends that the evidence does not establish his guilt beyond a reasonable doubt; that the court erred in the admission of evidence and instructions to the jury; also, that the court erred in not requiring the State to elect upon which of the two counts of the indictment the prosecution would be made.

We are satisfied from an examination of the record that the jury were justified in returning a verdict of guilty in this case. The identity of plaintiff in error is not disputed nor does he deny that the complaining witness was in the garage at that time. It does not seem probable that she would have made complaint to her parents had the story of plaintiff in error been true. The police were notified and plaintiff in error was arrested within an hour after the occurrence. The complaining witness was examined by two doctors, both of whom testified. Dr. Chaloupka examined her on September 22—two days after the occurrence. His testimony was that he found abrasions and a rupture of the hymen, and that he was of the opinion that such was re-

cent. The other physician testified that he did not notice any abrasions, and that he could not tell whether the rupture of the hymen was recent or not. The question of the guilt of plaintiff in error was for the jury, and we would not be justified in reversing this judgment on the ground that the verdict is not supported by the evidence.

Counsel for plaintiff in error complain of the ruling made by the trial court concerning written statements of the complaining witness and plaintiff in error, in the possession of officer Stryzinski. It appears that the officer was not examined concerning these statements on direct examination. Counsel for plaintiff in error brought out, on cross-examination, that the witness had such statements in his possession and asked him whether he had gotten a statement from plaintiff in error on the same night of this occurrence. The officer replied that he had it with him. The State's attorney made no attempt to use the statements in evidence, and there is nothing to indicate that the statements differed in any way from the testimony of the complaining witness and plaintiff in error given on the trial. Counsel for plaintiff in error asked to see the statements, and was told by the court that if he asked the other side to produce the statements, then at the request of the State he would be required to put them in evidence. There was considerable colloquy between the court and counsel, but apparently the statements were not used, as it does not appear from the abstract that counsel for plaintiff in error insisted on their production. It does appear, however, that the statement made by the complaining witness was read by counsel for plaintiff in error, but neither of the statements was introduced in evidence. It is not contended that they should have been introduced in evidence, but apparently counsel for plaintiff in error feels that his client was prejudiced because of the ruling of the court that the statements could be put in evidence if production of them was demanded by counsel. It does not appear that any

prejudice against plaintiff in error arose out of the matter. The whole dialogue appears to have been brought out by plaintiff in error's counsel on cross-examination.

Counsel argue that the court erred in refusing to require the State's attorney to elect under which count of the indictment he would proceed. As we have seen, the first count charged rape and the second count charged assault with intent to commit rape. It is within the discretion of the trial court to determine when the State shall be required to elect as to the count or counts of the indictment under which the prosecution will proceed, and unless there has been abuse of that discretion the ruling will not be disturbed. (*People* v. *Mason,* 301 Ill. 370.) Counsel for plaintiff in error cite the case of *People* v. *Lewis,* 252 Ill. 281, as supporting their contention that it was error to refuse to require the State to elect. In that case it was held that the jury would not have been warranted in indulging a doubt that the crime of rape, and not an assault with intent to commit rape, had been committed, and that it is only in cases where the evidence requires or permits it that the jury may convict of the crime of assault with intent to commit rape under an indictment charging rape. The question on which the case turned concerned two instructions, which, as was there said, "amounted to an invitation to the jury to return a compromise verdict, which the facts would not warrant." Such is not true in this case. The court did not err in refusing to require an election.

Counsel for plaintiff in error argue that the court erred in giving and refusing instructions. We have examined the instructions and find no reversible error therein.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*