STATE v. SUDDUTH.

1. EVIDENCE—CRIMINAL LAW.—The mother of a maiden who has been . raped may testify as to what did occur, and that she told her what had occurred when they first met twenty hours afterwards.
2. IBID.—IT IS HARMLESS ERROR to permit a bystander to relate, in a prosecution for rape, the exclamations of the mother on first sight of the daughter after the occurrence.
3. CONTRADICTION—WITNESS cannot be contradicted by contrary statement, unless foundation is laid.
4. EVIDENCE—EXPERT TESTIMONY.—A non-expert may testify as to the condition of the person of a maid who is alleged to have been raped.
5. RAPE—CRIMINAL LAW.—Where a man uses force, to obtain access to a female without her consent, it is rape.
6. CHARGE—HARMLESS ERROR.—An illustration used in a charge, not applicable to the case at bar, is harmless error.

Before GARY, J., Greenville, March, 1897. Affirmed.

Indictment against W. Henry Sudduth for rape. Defendant convicted, and appeals.

*Messrs. Shuman & Dean* and *J. A. Mooney,* for appellant, cite: *Witness may state that prosecutrix made complaint, but can state nothing more:* 41 N. Y., 265. *Declarations of prosecutrix made considerable period after occurrence not admissible:* 25 S. E. R., 616. *Force necessary to make out rape:* 59 N. Y., 374; 126 Ind., 185.

*Mr. Wm. N. Graydon,* for Solicitor Ansel, contra. (Oral argument.)

June 30, 1898. The opinion of the Court was delivered by

MR. JUSTICE POPE. The defendant, appellant, was tried for the terrible crime of rape, and was found guilty by the jury, with a recommendation to mercy. After sentence by his Honor, Judge Ernest Gary, to imprisonment for his whole life in the State penitentiary, he has appealed to this Court.

By his grounds of appeal, he presents the following ques-

tions for our consideration: First. That it was not competent for a witness for the State (who was the mother of the outraged young woman) to testify as to what the victim said to her mother when she first saw her after her ruin, there being an interval of about twenty hours from such time to the time the rape occurred. The Circuit Judge confined the solicitor to bringing out of the witness the fact that the victim wept on sight of her mother, and told her mother what occurred, but would not allow what was said to be testified to. It seems that the sixteen year old maiden was criminally assaulted by her brother-in-law while he was carrying her at night to stay with his wife, who was her sister, while he should be absent from home in attendance upon a circus, and that the maiden did not return to her widowed mother until the next afternoon. While the rule is, that too much time must not elapse between the occurrence and the statement, yet this Court will not allow that the time which elapsed in this instance was too much. To whom could this young woman go better in the first instance than to her mother, to tell of her woe; and as soon as she saw her mother, a full disclosure was made. Appellant refers to sec. 213 of 3d vol. of Greenleaf Ev., to support his objection; but a careful examination of that section, and also sec. 212 of the same author, will show that the reception of this testimony is not supported as *res gestæ;* it is only a fact corroborative of the testimony of the complainant. No time is fixed by the author in which the complaint is to be made. She must not conceal it too long; this is all that is required. In this same connection, appellant complains that the mother, while testifying, was allowed to state that her daughter told her "that the defendant had pulled her off of ——." The words we have placed in quotation is the language employed by the witness. If error at all, it was harmless error.

Second. It is alleged here that error was committed by the Circuit Judge in allowing Mrs. Ballew, while testifying, to state that when the young woman was seen coming home

to her mother on the afternoon of the day following the night of the perpetration of the crime, she had said: "Yonder comes Jane;" and that she saw Jane wringing her hands and crying, and that Jane's mother said to her, "Tell me what is the matter." We see nothing in this exception. If error at all, it was harmless error.

Third. That a certain Dr. Morrow was not allowed on a cross-examination to state that the young woman who was outraged had told him that she did not use any force to prevent the outrage upon her person. This exception is not well taken; no foundation was laid for the same when the prosecutrix was upon the stand giving her testimony, because she was not asked the question if she had ever told Dr. Morrow any such thing, and it could only have been rendered admissible as a contradiction of her testimony.

Fourth. This exception questions the competency of a lady of some years, who was present with one or two other females, when Dr. Morrow examined the person of the prosecutrix on the third day after she had been assaulted, when she testified that the thighs of the poor girl were bruised, or rather when she testified to a condition of the same which indicated bruises. It is quite true that this witness was not examined as an expert, but nevertheless she was perfectly competent to prove as a fact what discoloration, if any, was upon the lower limbs of the prosecutrix. She could not, and did not, attempt to tell what had caused these bruises. We see no reason, in law, that would render such testimony incompetent.

Fifth. The next exception complains that the presiding Judge erred in his charge to the jury, when he stated: "If you find that there was force on the part of the defendant, and that consent was not given by the female, that would be rape;" whereas it is submitted that the Circuit Judge should have explained to the jury, in connection therewith, that in order to find that the prosecutrix did not consent, they must be satisfied from the

evidence that she opposed physical resistance to the defendant to the extent of her ability at the time, and under the circumstances, and that the force of the defendant must have been such as to overcome such resistance. The Circuit Judge was careful to embody in his charge substantially the requirement of our statute on this subject of rape, as it is set forth in section 114 of the Criminal Statutes of South Carolina: "Whosoever shall ravish a woman, married, maid or other, where she did not consent either before or after," &c., "shall be deemed guilty of rape;" and it was not necessary or proper for the Circuit Judge to have done any more. The testimony, however, in this case clearly established in the minds of the jury, as evidenced by their verdict, that the poor girl screamed and used her utmost exertions to prevent her ruin. This disposition of this exception will apply to the seventh exception, relating as it does to the amount of resistance to be used by the female to avoid her ruin.

The sixth exception relates to some illustration used by the presiding Judge in regard to a fraudulent access to a female by a physician. It had no reference to the case at bar, and was, therefore, harmless error.

The last exception in a measure is covered by what we have said in regard to the fifth and seventh exceptions, for it is alleged that the presiding Judge erred in stating to the jury: "Now, that about sums up the law in this case, Mr. Foreman. Did the defendant use force? Did the woman consent? If she did not give her consent, and he used force, so that he by reason of that force had sexual intercourse with her, then he would be guilty. But did she withhold her consent, and resist him, a *bona fide* resistance, and he accomplished his purpose, under those circumstances it would be.rape." The appellant insists that the Judge should have gone further, and declared that the resistance of the prosecutrix should have been to the utmost of her ability, and so great that the physical power of the defendant alone overcame her resistance. We cannot think that a helpless female who is outraged can only secure the punish-

ment at law of her wrongdoer by showing that she strained every muscle and performed herculean efforts to resist such an assault upon her person. Of course, a woman unwilling to receive the embraces of a brute would exert every power she could control to escape his polluting touch. But our laws require that she shall show her unwillingness by word and act, and that is sufficient.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE JONES concurs in result.