7838

## STATE v. DAWSON.

1. RAPE—PARENT AND CHILD.—To convict a father of rape on his daughter it is only necessary to show he used his parental authority to coerce her into submission.

2. APPEAL—HUSBAND AND WIFE.—Where objection to wife's testifying against the husband is waived at the trial there is no ground for exception on appeal.

3. RAPE—EVIDENCE.—It is competent for the mother to testify that her daughter complained to her that she had been raped and to state of what she complained.

Before ERNEST MOORE, Special Judge. Fairfield, September, 1910. ·Affirmed.

Indictment against Fletcher Dawson for rape. Defendant appeals.

*Mr. W. W. Dixon* for appellant.

*Solicitor J. K. Henry,* contra.

March 27, 1911. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The jury found a verdict of guilty with recommendation to mercy against the defendant on an indictment charging the commission of a rape on his own daughter, a child just over the age of fourteen. No argument has been submitted in support of the exceptions for the reason, we suppose, that none could be adduced.

The testimony of the child was that she submitted to her father under the compulsion of parental command. It was not necessary, as said in the first exception, to show that the child made physical resistance. The issue as to whether there was such parental compulsion as to constitute force was properly submitted to the jury.

Counsel for defendant having expressly waived his objection to the mother of the child testifying against her husband, there is no foundation for the second exception.

The Circuit Judge excluded all evidence of the details of the complaint of the child testified to by her mother as made immediately after the alleged rape. Her complaints that she had been ravished and was suffering from the rape were competent. The position of defendant's counsel that testimony on this subject must be restricted to the mere fact that the alleged victim made a complaint, and that testimony that she complained of being ravished was inadmissible, is entirely untenable. The details of the complaint are not admissible, but unless the witness be allowed to state what the alleged victim complained of, the evidence would be of no consequence. *State* v. *Suddeth,* 52 S. C. 488.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.