THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. THOMAS LEWIS, Plaintiff in Error.

*Opinion filed December 21, 1911.*

1. RAPE—*evidence of complaint is not admissible unless prosecutrix testifies.* In a prosecution for rape, where the prosecutrix testifies, it may be proved by third persons that the prosecutrix complained to them that the crime had been committed upon her, if such complaint is made without inconsistent and unexplained delay; but such evidence is admissible only to corroborate the testimony of the prosecutrix and not to prove the commission of the offense, and is not admissible (unless part of the *res gestæ*) where the prosecutrix does not testify. (*People* v. *Weston,* 236 Ill. 104, distinguished.)

2. SAME—*when it is reversible error to admit evidence of complaint.* In a prosecution for rape upon a woman of mature years, who was dead at the time of the trial, it is reversible error to permit her nephew to testify that she told him a rape had been committed upon her, where the other competent evidence is not conclusive of the guilt of the accused but is such that the jury might have believed that the act of intercourse was committed with the woman's consent.

3. SAME—*when instructions permitting a conviction for assault with an intent to commit rape should not be given.* Instructions in a prosecution for rape which permit the jury to find the accused guilty of an assault with intent to commit rape should not be given, where the evidence, if believed, is conclusive that the act of sexual intercourse was complete, so that the jury, if they believed the act was forcible and against the will of the woman, could have returned no other verdict than that of guilty of the crime of rape.

WRIT OF ERROR to the Circuit Court of Montgomery county; the Hon. A. M. ROSE, Judge, presiding.

HOGAN & WALLACE, for plaintiff in error.

W. H. STEAD, Attorney General, and HARRY C. STUTTLE, State's Attorney, (MICHAEL J. MCMURRAY, of counsel,) for the People.

Mr. Justice Cooke delivered the opinion of the court:

Plaintiff in error was indicted and tried in the circuit court of Montgomery county for the crime of rape. A verdict of guilty was returned and he was sentenced to ten years in the penitentiary.

The evidence on the part of the People tended to show that on the evening of October 9, 1910, plaintiff in error, a young man twenty-seven years of age, drove to the home of a neighbor, Luther Weller, and while there Margaret Ann Weller, a lady about fifty-nine years of age, together with her two little grand-daughters, aged six and eleven years, respectively, came to the same place; that plaintiff in error remained at the Weller home until after Mrs. Weller and her grandchildren had departed, leaving a few minutes thereafter; that he overtook Mrs. Weller and the children, who were riding in a single buggy, drove past them, tied his horse to a tree, and returning, stopped the horse being driven by Mrs. Weller, took her forcibly from the conveyance and ravished her by the roadside. Mrs. Weller died on November 24, 1910, but it is not claimed that the alleged assault contributed in any way to cause her death. As this trial was held at the January, 1911, term of the Montgomery circuit court, the only witnesses produced on the part of the People to prove the actual commission of the alleged assault were the two little girls.

Plaintiff in error contends that, admitting all the evidence on the part of the People to be true, the facts proven do not constitute any crime; that an incompetent witness was permitted to testify; that incompetent evidence was admitted on the part of the People, and that the court erred in giving certain instructions asked on behalf of the People.

The testimony of the two little girls relative to the assault was practically the same. They each testified that after the plaintiff in error had driven around them, tied his horse and returned, he stopped the horse their grandmother was driving and climbed into their buggy; that he

entered into conversation with Mrs. Weller and that he talked to her and she talked to him. They did not attempt to detail any of the conversation, but agree that plaintiff in error then seized hold of Mrs. Weller and pulled her from the buggy. The evidence is not clear as to the manner in which this was done nor as to what resistance was offered by Mrs. Weller. The girls both testified, however, that all three of them were "hollering," and the older girl testified that plaintiff in error told them if they did not shut up and keep quiet he would kill them, and if he killed one he would kill all. The testimony of the girls shows that plaintiff in error pulled Mrs. Weller out of the buggy and that when she reached the ground she was standing upon her feet, and the only evidence of any resistance made by her at any time is that the older girl says at that time she held to the buggy. Both girls say that plaintiff in error and Mrs. Weller then walked about three paces to the grass at the side of the road; that he laid Mrs. Weller upon her back and put up her clothing; that he stood up beside her and unbuttoned his own clothing, she lying on the ground meanwhile; that he then exposed his privates and got on top of her; that after a few minutes he arose, and without saying a word went to his own buggy, and she, likewise saying nothing, arose and joined the girls in her buggy. The testimony of both the children is, that from the time plaintiff in error and Mrs. Weller left the buggy until after the act was completed Mrs. Weller made no outcry, said nothing and made no resistance. Other evidence tending to corroborate the claim that an assault had been made was that of a neighbor living some distance away, who testified that he heard outcries from about the place where the assault was alleged to have been committed and at the time specified by the girls, and the testimony of a physician who was called shortly after the assault was alleged to have occurred and who examined and treated Mrs. Weller. He testified that he found a torn and loosened condition of the

viscera on the left side and that it was bleeding; that this condition could have been occasioned by any sort of external violence, but he did not believe that voluntary sexual intercourse would cause such an abrasion.

After the assault is alleged to have been committed Mrs. Weller and the two little girls drove to the home of a nephew of Mrs. Weller. This nephew was called as a witness, and over the objection of plaintiff in error testified, on behalf of the People, as to the physical condition of Mrs. Weller when she reached his place and to her statement that she had been raped on the highway by Tommy Lewis. Upon objection being made, the answer of the witness that she had stated that she had been raped by plaintiff in error was stricken out and the jury were instructed not to consider it. The witness was then permitted, over objection, to testify that Mrs. Weller had stated at that time that she had been raped out there on the road. It is this testimony which plaintiff in error contends was incompetent. Any statement made by Mrs. Weller in the absence of plaintiff in error, under the ordinary rules of evidence, was hearsay. In a prosecution for rape, where the prosecutrix herself testifies, it may be proven by third persons that the prosecutrix made complaint to them, provided such complaint was made without inconsistent or unexplained delay. This constitutes an exception to the general rule that hearsay evidence is inadmissible, and is allowed on the supposition that a woman thus assailed will avail herself of the first opportunity to tell of the wrong which has been done her. The proof of such statements is admissible, however, only upon the theory that it tends to corroborate the testimony of the prosecutrix given upon the trial. It is not proper to make such proof for the purpose of showing the commission of the offense itself, and this proof cannot be made at all if the prosecutrix is not a witness. (*Stevens* v. *People*, 158 Ill. 111; *State* v. *Wheeler*, 116 Iowa, 212; *State* v. *Wolff*, 118 id. 564; *Johnson* v. *State*, 17 Ohio, 593; *Horbeck* v.

*State,* 35 Ohio St. 277; *Welden* v. *State,* 32 Ind. 81; *People* v. *McGee,* 1 Denio, 19; *Phillips* v. *State,* 9 Humph. 246.) As Mrs. Weller died prior to the trial this testimony became incompetent and it was error to admit it.

The People rely upon *People* v. *Weston,* 236 Ill. 104, in support of the contention that this evidence was admissible. In the *Weston case* the statement of Mrs. Eason was admissible upon other grounds than those urged here. Before Mrs. Eason was assaulted her husband and McElyea ran to the neighbors for help, and when they returned they came upon the plaintiffs in error, in that case, while they were in the act of assaulting Mrs. Eason. The statements testified to by McElyea were made at that time and were admissible as a part of the *res gestæ.* In this case the statements of Mrs. Weller were not made at a time when they could be proven as a part of the *res gestæ,* and, in fact, it is not claimed by the People that they are admissible upon that ground.

The People urge that if it was error to admit this proof it should be held to be harmless, for the reason that there is other competent evidence which so clearly proves the commission of the crime that the verdict must have been the same had this evidence been excluded. We do not agree with that contention. It cannot be said that the other evidence is so clear as to the commission of the crime of rape that the jury would not have been warranted in bringing in any other verdict than that of guilty. In the absence of any proof of the physical condition of either of the parties or of any disparity in strength the jury might have believed, from the competent evidence in the record, that intercourse was had with the consent of Mrs. Weller. The plaintiff in error denied the commission of the act, and testified that after leaving the home of Luther Weller he did not see Mrs. Weller or her grandchildren. In view of the death of Mrs. Weller it was error to admit testimony of any statements made by her in reference to the commission

of the alleged assault, and considering the whole record the error is of so grave a character that it must result in a reversal of the judgment.

Plaintiff in error contends that the trial court erred in permitting the younger of the two girls to testify because of her youth and her lack of knowledge of the meaning of an oath. This child at the time of the trial was six years of age. She was examined both by the State's attorney and the court, and cross-examined by counsel for plaintiff in error, as to her ability to comprehend the meaning of an oath, as to her knowledge of right and wrong and as to her understanding of the moral obligation to speak the truth. From her whole examination we are unable to say that the court abused its discretion in permitting the child to testify. She disclosed that she understood the difference between right and wrong, that she appreciated the moral obligation to speak the truth, and that she understood when she was sworn that it meant she was to tell the truth. "Intelligence, ability to comprehend the meaning of an oath and the moral obligation to speak the truth, and not age, are the tests by which the competency of a child to give testimony is determined." (*Shannon* v. *Swanson,* 208 Ill. 52.) The jury saw and heard the child testify, and it was for them to determine the weight and value which should be given to her testimony.

Complaint is made of the giving of instructions 2, 3, 6, 7, 8 and 10 on behalf of the People. Instruction No. 2 stated, in the language of the statute, that an assault with intent to commit murder, mayhem, robbery, larceny or other felony shall subject the offender to imprisonment in the penitentiary not less than one nor more than fourteen years. The eighth instruction was to the effect that if the jury believed plaintiff in error made an assault upon Mrs. Weller with intent to forcibly ravish her they should find him guilty of an assault with intent to commit rape. The giving of these instructions cannot be said to have been

prejudicial to plaintiff in error, but under the state of the record neither of them should have been given. It is undoubtedly true that under an indictment for rape the defendant may be found guilty of an assault with intent to commit rape, as the higher and more atrocious crime embraces all the elements of the lesser offense. It is only, however, in cases where the evidence requires or permits it, that the jury may convict of the crime of assault with intent to commit rape under an indictment charging the crime of rape. (*Prindeville* v. *People,* 42 Ill. 217.) In this case, if the jury believed any crime had been committed they would not have been warranted in indulging a doubt that the crime committed was rape and not an assault with intent to commit rape. The testimony of the two children, if believed, was conclusive that the act of sexual intercourse had been complete, and if the jury believed that this assault had been committed forcibly and against the will of Mrs. Weller they could have returned no other verdict than that of guilty of rape. These two instructions simply amounted to an invitation to the jury to return a compromise verdict, which the facts would not warrant. They had no place in the series and should not have been given.

It is urged that the third instruction given for the People is erroneous in that it omits to state the age and sex of Mrs. Weller. The indictment alleges that Mrs. Weller was a female, the proof is undisputed that she was a female, and this instruction is not subject to the criticism made.

Complaint is made of instruction No. 6 on the ground that other instructions had already been given stating the same proposition of law there laid down. The court would have been warranted in refusing to give the instruction on the ground that it was a mere repetition, but it was not error to give it.

The objection to instruction No. 7 is, that it calls particular attention to the facts testified to, such as the taking of Mrs. Weller forcibly out of the buggy, throwing her up-

on the ground and forcibly having carnal knowledge of her. This instruction is unobjectionable and was properly given.

Instruction No. 10 is objected to upon the ground that it is an attempt to minimize and destroy the purpose for which evidence of good reputation is permitted. The instruction is substantially the same as the one approved in *Hirschman* v. *People*, 101 Ill. 568, and it was not error to give it.

For the reasons indicated the judgment of the circuit court is reversed and the cause remanded.

*Reversed and remanded.*