## 11140

### STATE v. WALLACE

. (115 S. E., 811)

RAPE—ADMISSION OF TESTIMONY AS TO COMPLAINT MADE TO WITNESS BY VICTIM REVERSIBLE ERROR WHERE LATTER DID NOT TESTIFY.—In a prosecution for rape and assault with intent to ravish, where the victim, a 12 year old girl, did not testify, it was reversible error to permit a witness to ·testify that she made complaint to him on the day following the assault.

Before MAULDIN, J., Sumter, Fall Term, 1921. Reversed and remanded.

J. C. Wallace indicted for assault with intent to ravish and, upon conviction, appeals.

*Messrs. L. D. Jennings* and *Harby, Nash & Hodges,* for appellant, cite: *Statements by other parties not connected with defendant irrelevant and inadmissible:* 22 C. J., 741; 108 S. C., 195; 97 S. C., 136; 73 S. C., 48; 72 S. C., 355; 61 S. C., 292; 59 S. C., 561; 24 S. E., 297.; 10 R. C. L., 937. *Party ·cannot contradict its own witness:* 90 S. C., 102; 73 S. C., 102; 43 S. C., 123; 1 Bail., 32; Cheves, 444; 4 Rich. L., 240; 22 S. C., 187. *Testimony as to desertion of wife prejudicial and incompetent:* 131 S. W., 1108; 112 S. E., 921; 112 S. E., 923; 88 S. C., 239. *Conspiracy:* 12 C. J., 540; 88 S. C., 235; 73 S. C., 330; 12 C. J., 543. *Testimony admissible as to conspiracy:* 34 S. C., 53. *Statements of subject of assault, repeated by others, inadmissible:* 2 Wig. Ev., Sec. 1135, p. 1333; Id., Sec. 1136, p. 1336; 22 R. C. L., 1212; 10 Enc. Ev., 589; 1 Greenl. Ev. (16th Ed.), Sec. 213; 52 S. C., 488; 35 Am. Rep., 608; C. & P., 471;

61 E. C. L., 246; 1 Den., 19; 32 Ind., 81; 93 A. S. R., 236; 37 L. R. A., 423.

*Appeal from order refusing new trial. Court should grant new trial where it appears that conviction was based on perjured testimony:* 20 R. C. L., 290; 51 L. R. A. (N. S.), 286 and note; L. R. A. 1916-B, 1132; 163 S. W., 1167; 38 S. C., 550; 78 S. C., 527; 104 S. C., 353; 89 S. C., 48; 87 S. C., 547; 16 S. C., 116; 2 Rich. L., 1843.

*Mr. F. A. McLeod, Solicitor,* for the State.

February 13, 1923.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Indictment charging the defendant with rape and assault with intent to ravish. The case was tried before Circuit Judge Mauldin and a jury of Sumter, fall term of 1921. At the close of the evidence for the State, upon motion for the defendant, the presiding Judge directed a verdict of "not guilty" upon the charge of rape. A verdict of guilty was rendered upon the other charge, and, after motion for a new trial the defendant was sentenced to death.

From the view which the Court takes of the ninth exception it will not be necessary to consider any other. The alleged victim of the assault, a girl about 12 years of age, was not offered as a witness by the State. In the examination of a witness who was the main reliance of the State, he was allowed, over the defendant's objection, to testify that on Sunday, after the alleged commission of the offense on Saturday night, the young girl had made complaint to him about the affair. It was reversible error to permit the introduction of this evidence.

The theory upon which, under certain circumstances, the State is allowed to offer in evidence declarations of the alleged victim shortly after the occurrence, declarations which in fact do not constitute part of the *res gestæ,* is to

rebut, by anticipation, the natural inference which the defendant would be entitled to insist upon, that her present outcry is simulated if she made no outcry at the time or shortly afterwards. It would therefore be evidence in corroboration of her testimony, and not independent, substantive evidence. As Mr. Wigmore says at Section 1136 in his work on Evidence:

"Since the only object of evidence is to repel the supposed inconsistency between the woman's present testimony and her former silence, it is obvious that, if she has not testified at all, there is no inconsistency to repel, and therefore the evidence is irrelevant."

To the same effect see 22 R. C. L., 1212; 10 Enc. Evid., 589; 1 Greenleaf Evid. (16th Ed.), Sec. 213; *Hornbeck v. State,* 35 Ohio St., 277; 35 Am. Rep., 608; *Regina v. Nicholas,* 61 E. C. L., 246; *People v. McGee,* 1 Denio (N. Y.), 19; *Weldon v. State,* 32 Ind., 81; *State v. Wheeler,* 116 Iowa, 212; 89 N. W., 978; 93 Am. St. Rep., 236; *State v. Meyers,* 46 Neb., 152; 64 N. W., 697; 37 L. R. A., 423.

The decision of the Court in *State v. Sudduth,* 52 S. C., 488; 30 S. E., 408, is conclusive of the matter. There the Court says:

"The reception of this evidence is not supported as *res gestæ;* it is only a fact corroborative of the testimony of the complaint."

If there be no testimony of the complainant to corroborate, there can be no foundation for the admission of the evidence.

In *State v. Parker,* 134 N. C., 209; 46 S. E., 511, it is held that the rule is so strict that, even when the prosecutrix goes upon the stand, the failure of the presiding Judge to charge the jury that evidence of her complaint is allowable only in corroboration of her testimony is reversible error. See, also, *People v. Horn,* 25 Cal. App., 583; 144 Pac., 641; *Huey v. State,* 7 Ga. App., 398; 66 S. E., 1023; *People v. Lewis,* 252 Ill., 281; 96 N. E., 1005.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and the case be remanded to that Court for a new trial.

MESSRS. JUSTICES WATTS, FRASER, and MARION concur. MR. CHIEF JUSTICE GARY did not sit.