15637

STATE v. BLACK

(29 S. E. (2d), 675)

November, 1942.

*Mr. B. W. Hyman,* of Darlington, S. C., and *Messrs. McEachin & Townsend* of Florence, S. C., Counsel for Appellant,

*Mr. Sydney Tyson,* Solicitor, of Bennettsville, S. C., *Mr. George W. Keels* of Florence, S. C., and *Mr. J. P. Mozingo III,* of Darlington, S. C., appeared for the State, Respondent.

April 12, 1944.

MR. ASSOCIATE JUSTICE TAYLOR delivered the Majority Opinion of the Court, with Messrs. Associate Justices Fishburne and Oxner both filing Dissenting Opinions. The Opinion of the Court follows:

From his conviction and sentence of twenty years on the charge of rape, in the Court of General Sessions for Darlington County, the appellant, W. H. Black, has appealed to this Court.

The first exception deals with the refusal of the trial Judge to strike from the testimony of the prosecutrix all reference to her having written a letter to her mother on the day following the alleged crime in which she testified she told of the commission of the offense.

It appears from the prosecutrix's testimony that she was brought in an automobile by the accused from the scene of

the alleged rape in Darlington County to her husband's home in the City of Marion about ten-thirty or eleven o'clock at night. She and her husband resided in the home of the Sheriff of Marion County. Her husband was a State Highway patrolman stationed in Marion County. The Sheriff was at home when she arrived. Her husband came in about two hours later. She was awake when he came in. She made no complaint to the Sheriff, her husband, or anyone else that night that she had been mistreated in any way.

From the above it will be observed that the State had no evidence of complaint made by the prosecutrix at the time, place, and to the person that complaint would naturally be expected. The failure to make complaint is calculated to cast suspicion upon the verity of prosecutrix's testimony at the trial.

"The theory upon which, under certain circumstances, the state is allowed to offer in evidence declarations of the alleged victim shortly after the occurrence, declarations which in fact do not constitute part of the *res gestae,* is to rebut, by anticipation, the natural inference which the defendant would be entitled to insist upon, that her present outcry is simulated if she made no outcry at the time or shortly afterwards. It would therefore be evidence in corroboration of her testimony, and not independent, substantive evidence. * * * " *State v. Wallace,* 122 S. C., 520, 115 S..E., 811.

Having no evidence of complaint on the night in question, the State sought to supply this corroboration of the prosecutrix by eliciting that she told of the affair in a letter to her mother written the next morning:

"Q. Who was the first person that you told about this matter? A. My mother.

"Q. When was that, after it occurred? A. Well, I wrote her a letter.

"Q. When did you write her a letter? A. The next morning."

No objection to this testimony was made at the time, but it will be observed that the second answer was not directly responsive to the question, with the line of examination apparently designed to identify a letter later to be offered in evidence. The effect of this testimony was to get before the jury that the letter contained a report or complaint of the alleged offense without producing the letter.

■ It is a material part of the State's case in a prosecution for rape to show complaint at the first opportunity.

"The rule admitting evidence of the complaint is based on the well-known fact that when an outrage has been committed on a woman, the instincts of her nature prompt her to make her wrongs known; and to seek sympathy and assistance. The complaint which she then makes is the natural expression of her feelings. It may therefore be shown in evidence as a circumstance which would usually and probably have occurred in case the offense had been committed. And further failure to complain, or delay in the prosecution because of the nature of the accusation, is looked upon as a suspicious circumstance; and, to repel the inference that the story may have been a mere fabrication, which otherwise might be drawn, such evidence is admitted as tending to confirm or corroborate the statements of the injured party. * * *" 44 Am. Jur., 953.

Declarations of the alleged victim made on the day following the alleged offense were held admissible in the case of *State v. Sudduth,* 52 S. C., 488, 30 S. E., 408: " * * * No time is fixed by the author in which a complaint is to be made. She must not conceal it too long; this is all that is required. * * *"

The State did not offer the letter and, although the mother sat within the bar throughout the trial, she was not sworn as a witness. No proof of the receipt of the letter by the mother was tendered. At the close of the testimony appellant's counsel moved to strike all reference to the letter

from the testimony upon the general ground that there was no corroborative testimony that such a letter was written. While the motion was being made, and in the presence of the jury, the mother arose and announced that she had the letter in Timmonsville.

This exception does not present the usual case where, if no objection is made at the time to the introduction of testimony, the refusal of a motion subsequently made to strike such testimony out will be considered as strictly within the discretion of the trial Judge. Here the letter, if it contained a complaint, was not evidence of the offense charged but corroboration of the truth of the testimony of the prosecutrix. Counsel had reason to assume from the questions and answers cited that this was the initial step in identifying a letter later to be produced by the mother which would make out the corroborative testimony. When the State failed to produce the letter, there was no competent evidence that a complaint had been made, and a motion to strike at the close of the testimony was timely. In fact, her testimony that she had written a letter to her mother was not sufficient evidence of complaint. To establish a complaint there must be a communication to another, in this case from the daughter to the mother. She did not say that she mailed the letter to her mother, delivered it to her, or sent it by anyone. The bare fact that she wrote a letter is no evidence that it was ever received by the mother.

To permit the State to corroborate the prosecutrix by a letter, the addressee of which was available, and not produce the letter deprived the appellant of a substantial right and gave the State the benefit of proof of a complaint having been made without submitting any competent proof thereof. The appellant had no opportunity to examine the letter to see if a complaint was made therein. The State had the advantage of arguing to the jury that the complaint was made to the mother, as an excuse and explanation of her failure to complain to her husband. The only proof of com-

plaint was accomplished by inadmissible and insufficient testimony. While its effect upon the jury cannot be known, it must be assumed that it influenced the jury's verdict. The effect of permitting the State to prove the complaint without putting the letter in evidence and establishing its receipt by the mother was to have the prosecutrix corroborate herself, when the best evidence of corroboration was at the disposal of the State.

The recent case of *State v. Takis,* 204 S. C., 140, 28 S. E. (2d), 679, 680 is somewhat analogous. There the State sought to show adultery of the wife as a motive by adducing testimony that she frequently rode to and from the cafe of her husband with one Turner. The Court held that such evidence was not sufficient to show adultery and although no motion for a directed verdict was made or any objection to the testimony or motion to strike, a new trial was ordered upon the error in admitting this testimony; the Court stating in part as follows: "Without passing upon the sufficiency of the other testimony in the case to justify the trial Judge in submitting the question of the innocence or guilt of the appellant, to the jury, motion for a directed verdict of not guilty not having been made, I cannot help but reach the conclusion that the appellant, even if it was unnecessary for the State to show motive on his part, was so prejudiced by the testimony which attempted to relate to the alleged adultery of the deceased (and the argument of the Solicitor thereabout), and this material (or immaterial) link in the chain of circumstances relied upon by the State to establish the appellant's guilt, that justice demands that the appellant be granted a new trial."

In the case of *State v. Stanley,* 131 S. C., 511, 513, 127 S. E., 754, 756, the appellant had abandoned one of his grounds of appeal, but the Supreme Court passed on it anyhow in this language: "Adverting briefly to the abandoned ground that the act does not make the offense charged in the indictment a crime, as we are willing to do in the in-

terest of justice to and liberty of the defendant (*State v. Griffin* [129] S. C. [200], 124 S. E., 81, [35 A. L. R., 1227]), we wish only to say that the indictment charges the defendant with unlawfully transporting hides, etc., without having tags attached, etc."

In the instant case the Court's attention was directed to the fact that no competent evidence was before the Court; that a complaint had been made by way of letter, and the failure to produce the letter and its recipient left the State with no corroborative evidence showing complaint. Manifestly it was an abuse of the Court's discretion in this case to refuse to strike the evidence of the letter, when it was apparent that the alleged recipient was present in Court and no effort was made by the State to place her on the witness stand. This action deprived the appellant of a most material element in his defense, *i. e.,* that the prosecutrix made no complaint. This error was accentuated by the mother of the prosecutrix making an unsworn statement before the jury that she had the alleged letter in Timmonsville. The Court will take judicial cognizance that Timmonsville is only ten or twelve miles from Darlington.

In view of our opinion that the first exception should be sustained, it is not necessary to pass upon the other exceptions.

We are of the opinion, therefore, that the evidence referred to in the first exception was inadmissible and prejudicial, and that the refusal of the Court to strike it constituted reversible error.

The judgment of this Court is that the judgment of the Circuit Court be reversed and that the case be remanded to that Court for a new trial.

MR. CHIEF JUSTICE BAKER and MR. ASSOCIATE JUSTICE STUKES concur.

MR. ASSOCIATE JUSTICE FISHBURNE (dissenting):

I am unable to concur in the view that the judgment of conviction in this case should be reversed. It is proposed to

grant a new trial because the trial Judge refused to strike out all testimony of the prosecutrix which had reference to a letter written by her to her mother the morning after the offense was alleged to have been committed. In the testimony objected to, the prosecutrix who was nineteen years of age at the time of the offense, had testified that she informed her mother in this letter of the outrage which had been committed upon her.

It is admitted that counsel for the defense made no objection when the evidence was given, nor did they indicate any dissatisfaction with it until at the close of all of the testimony, when they moved to strike it out, upon the ground that there was no corroborative testimony that such a letter was written. The complaint is now made that the State did not offer the letter in evidence, nor did the mother of the prosecutrix testify, although she was present in Court and sat within the bar throughout the trial.

When testimony has been admitted without objection in criminal cases, the granting or denying of a motion to strike it out rests in the discretion of the Court. *State v. Manos,* 179 S. C., 45, 183 S. E., 582. The general rule is that where a party fails to obect to the admission of evidence in such cases, even though it is incompetent, he is not entitled as a matter of right to have it stricken out. 23 C. J. S., Criminal Law, § 1070, p. 500.

The questions addressed to the prosecutrix with reference to the letter plainly indicated that the State was endeavoring to prove that timely complaint had been made by the prosecutrix to her mother the day after the crime is alleged to have been committed. This was clearly its purpose, and was amply sufficient to have put the defense upon notice, but they remained quiescent until all of the testimony was closed.

Nor, in my opinion, was the failure of the State to call the mother of the prosecutrix as a witness prejudicial to the defense. While the prosecutrix was on the stand, the defense

refrained from asking her any questions on cross examination, with reference to having made complaint to her mother by letter on the morning following the alleged commission of the crime. They brought out, however, from her that when she returned to her home that night she made no complaint, either to the Sheriff or to her husband. This gave the defense the opportunity of arguing to the jury not only that the prosecutrix had made no complaint on the night of the alleged outrage, to her husband or to the Sheriff, but it enabled the defense to call to the attention of the jury the failure to offer the mother of the prosecutrix as a witness, and all the implications that might be drawn therefrom.

Furthermore, the crime is alleged to have been committed on April 13, 1942, and the warrant of arrest was issued on April 16, 1942, at the instance of the husband of the prosecutrix, so it is clear that the inference may be drawn from this fact that an early complaint was made.

In my opinion, counsel for the defense, having failed to make the motion to strike until after the conclusion of all the evidence in the case, was not entitled as a matter of right to have the alleged objectionable testimony stricken out. Nor did the trial Judge abuse his discretion in refusing to grant the motion when made.

MR. ASSOCIATE JUSTICE OXNER (dissenting) :

I am in full accord with the dissenting opinion of Mr. Justice Fishburne. In addition to the reasons assigned by him for sustaining the ruling of the trial Judge, I think the testimony sought to be stricken was competent. The State did not undertake to prove the contents of the letter claimed to have been written by the prosecutrix to her mother. The testimony was directed only to the fact that a complaint had been made and when it was made, and not to the complaint itself.

It is clear that the prosecutrix made complaint, as the warrant was issued three days after the alleged offense. Therefore, the testimony complained of was material only

as to the time when the first complaint was made. I do not think "the best evidence rule" is applicable.

The failure of the State to offer the mother as a witness or produce the letter, had no bearing on the competency of this testimony of the prosecutrix but was a circumstance to be considered by the jury in weighing it. Proof of complaint by the prosecutrix is not an essential part of the case for the State. Failure to offer such proof, however, may properly be considered by the jury in passing upon the guilt of the accused.

There is no exception complaining of error on account of the statement made by the mother of the prosecutrix in open Court. Nor did counsel for defendant make a motion for a mistrial on account of this incident. They only requested the trial Judge to instruct the jury to disregard such statement, which he did. Evidently defendant's counsel were satisfied with this disposition of the matter.