## 17638

STATE, Respondent, v. Winston HARRISON and Arthur Dillon, Appellants

(113 S. E. (2d) 783)

*Messrs. Walker, Walker & Jenkins,* of Summerville, *for Appellants,*

*Julian S. Wolfe, Esq., Solicitor,* of Orangeburg, *for Respondent,*

April 6, 1960.

OXNER, Justice.

Appellants, both Negroes, were tried on an indictment charging in separate counts (1) rape, (2) assault with intent to ravish, (3) carnal knowledge of a female under 16 (Section 16-80 of the 1952 Code), commonly referred to as statutory rape, and (4) assault and battery of a high and aggravated nature. The jury found them guilty of assault and battery of a high and aggravated nature. Each was sentenced to imprisonment for a term of three years.

The testimony of the alleged victim, a Negro between the ages of 14 and 16 and in the tenth grade in school, was to the following effect: One of the appellants lived next door to her and the other in the same neighborhood. She knew them well but had never gone out with them. About 4:00 o'clock on Sunday afternoon, October 12, 1958, she and

another Negro girl about the same age, started to visit a friend. They were overtaken by appellants in a truck, who stopped and asked if they wanted a ride. When they declined the invitation, appellants said they would "make them ride." She and her companion started running. Her companion escaped but appellants caught her and forcibly put her in the truck. She commenced screaming. Appellants rolled up the windows of the truck. They drove for some distance until they reached a dirt road in a sparsely settled section where they stopped. Each appellant forcibly had intercourse with her in the truck while the other remained on the outside and watched. After this was done they threatened to kill her if she related what had occurred. Appellants then drove to the home of Frances Butler, a neighbor of the prosecutrix, where they let her out.

The testimony of the prosecutrix as to being forcibly placed in the truck by appellants was corroborated by her companion. Frances Butler testified that about 4:30 that afternoon the prosecutrix came to her home crying, with her hair disheveled. Her mother was promptly notified and arrived about 6:00 o'clock. She said that her daughter's clothes were "all wrinkled up, her hair was tangled up and she was crying." When asked as to what had happened, her daughter told her of the occurrence.

According to a deputy sheriff of Dorchester County, appellants when arrested the following morning readily admitted having assaulted the prosecutrix. The only discrepancy in their version and the testimony given by the prosecutrix was that appellant Arthur Dillon claimed in his confession to the deputy sheriff that after assaulting the prosecutrix he lost his nerve and did not have intercourse with her. A physician who examined the prosecutrix on October 14th, two days after the alleged assault, said he found no bruises or scratches on her body.

The first question for determination is whether the Court erred in refusing to quash the indictment upon the ground that it charged two separate and distinct

offenses, namely, both common-law and statutory rape. It was held in *State v. Whitener,* 228 S. C. 244, 89 S. E. (2d) 701, that these two offenses may be joined in the same indictment. Decisions in other jurisdictions are to the same effect. *State v. Hensley,* 75 Ohio St. 255, 79 N. E. 462, 9 L. R. A., N. S., 277; *State v. Houx,* 109 Mo. 654, 19 S. W. 35; *State v. Dixon,* 143 Wash. 262, 255 P. 109; *Commonwealth ex rel. Case v. Smith,* 134 Pa. Super. 183, 3 A. (2d) 1007; *State v. Hall,* 214 N. C. 639, 200 S. E. 375.

It is next claimed that the Court erred in permitting the mother of the prosecutrix to relate the details of the complaint made by her daughter when she arrived at the home of Frances Butler, which was less than two hours after the alleged assault. It is well settled that the fact that the prosecutrix complained of a rape may be shown in corroboration of her testimony. *State v. Sudduth,* 52 S. C. 488, 30 S. E. 408; *State v. Dawson,* 88 S. C. 225, 70 S. E. 721; *State v. Black,* 204 S. C. 414, 29 S. E. (2d) 675. If the prosecutrix does not testify, such evidence is inadmissible. *State v. Wallace,* 122 S. C. 520, 115 S. E. 811. The particulars or details are not admissible but so much of the complaint as identifies "the time and place with that of the one charged" may be shown. Wigmore on Evidence, 3rd Ed., Section 1136; *Lauderdale v. State,* 227 Miss. 113, 85 So. (2d) 822. The testimony in controversy did not go beyond the foregoing limitations and certainly was not prejudicial.

Error is assigned in conducting the preliminary inquiry as to the voluntariness of the confessions in the presence of the jury. As pointed out in *State v. Chasteen,* 228 S. C. 88, 88 S. E. (2d) 880, the better practice is to conduct this preliminary examination in the absence of the jury but where, as here, the confession is found to be admissible, the failure to do so is not reversible error. Equally without merit is the contention that the confessions to the deputy sheriff were made under duress. All of the evidence tends to show that the statements made to this officer

were freely and voluntarily given. Indeed, there is no evidence to the contrary. The mere fact that they were made by appellants while in the custody of the deputy sheriff does not render them inadmissible. *State v. Chasteen, supra; State v. Brown,* 212 S. C. 237, 47 S. E. (2d) 521.

It is claimed that during the taking of the testimony, the Court erred in inquiring of the solicitor whether he had shown that the alleged crime occurred in Dorchester County. No prejudice resulted from this inquiry. The locus of the crime had previously been established but apparently the testimony to that effect had escaped the attention of the trial Judge.

There is a further exception to the effect that after the close of the testimony, the Court erred in permitting the State to reopen the case and prove that the prosecutrix was unmarried. During the colloquy in passing on the motion for a directed verdict, the Court indicated that this was an essential fact to be established and permitted the State to reopen the case and offer evidence on this question. The prosecutrix then briefly testified that she had never been married. After doing so, the Court stated to counsel for appellants that they would be permitted to offer further testimony if they wished. They declined to do so. It may be doubted whether non-marriage was an essential fact to be proved by the State. *State v. Haddon,* 49 S. C. 308, 27 S. E. 194; 44 Am. Jur., Rape, Sections 44, 59 and 105. But assuming that it was, it was within the discretion of the trial Judge to reopen the case and permit the State to prove it. *State v. Clyburn,* 16 S. C. 375; *State v. Derrick,* 44 S. C. 344, 22 S. E. 337. There was no abuse of discretion.

It is said that appellants were seriously prejudiced by the conduct of the trial Judge in actively participating in the questioning of witnesses. "A grave responsibility rests upon a trial judge. It is his duty to see to it that justice be done in every case, if it can be done according to law; and, if he thinks that the attorney for either party, either from inadvertence or any other cause, has failed tc

ask the witnesses the questions necessary and proper to bring out all the testimony which tends to ascertain the truth of the matter under investigation, we can see no legal objection to his propounding such questions; but, of course, he should do so in a fair and impartial manner, and should not by the form or manner of his questions express or indicate to the jury his opinion as to the facts of the case, or as to the weight or sufficiency of the evidence." *State v. Anderson,* 85 S. C. 229, 67 S. E. 237, 238. Also, see *State v. Vickers,* 226 S. C. 301, 84 S. E. (2d) 873; *State v. Chasteen, supra,* 228 S. C. 88, 88 S. E. (2d) 880.

After a careful examination of the record, we do not find that the trial Judge exceeded the foregoing limitations. The questions asked by him did not indicate to the jury any opinion as to the appellants' guilt or as to the weight of the evidence and could not have resulted in any prejudice.

The remaining exception is to the effect that the Court erred in refusing a motion for a new trial upon the ground that the jury having acquitted appellants on the charges of rape, assault with intent to ravish and statutory rape, a verdict of guilty of assault and battery of a high and aggravated nature under the evidence is illogical and cannot stand. This exception is overruled under the recent case of *State v. Collins,* 228 S. C. 537, 91 S. E. (2d) 259.

Affirmed.

STUKES, C. J., and LEGGE and Moss, JJ., concur.

TAYLOR, J., concurs in result.