### 21227

**The STATE, Respondent, v. Kenneth COX, Appellant.**
**(266 S. E. (2d) 784)**

*Chief Atty. John L. Sweeny* and *Staff Atty. Tara D. Shurling, S. C. Appellate Defense Commission,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Brian P. Gibbes* and *Russell D. Ghent,* Columbia, and *Sol. William W. Wilkins, Jr.,* and *Asst. Sol. Jeffrey A. Merriam,* Greenville, *for respondent.*

May 13, 1980.

HARWELL, Justice:

Appellant Kenneth Cox appeals his conviction for criminal sexual conduct in the second degree. See, § 16-3-653, S. C. Code Ann. (1976). We affirm.

Appellant was acquainted with the boyfriend of the State's prosecuting witness. In the night of the incident, appellant negotiated a ride with the prosecuting witness and her boyfriend to a club. When the prosecuting witness later left the club, appellant forced his way into her car and drove off with her. Sometime later he parked and then committed the sexual battery. Appellant then forced her to accompany him on a search for someone who would sell alcoholic beverages to him. During this sequence, appellant and the prosecuting witness were joined by a friend of appellant's. Prosecuting witness was at all times under control of appellant. Later, the three of them were involved in a single car accident. Appellant sent the prosecuting witness to Rayburn Cox's house to get someone to help with the automobile. At this time, the prosecuting witness told Molly Cox she had been raped. Rayburn gave her aid and she was enabled to leave appellant at this time.

Appellant contends first that the trial court judge erred in admitting the testimony of Molly Cox to the effect that the prosecuting witness told her that she had been raped. Appellant contends that this was inadmissible hearsay testimony. We disagree. We find the testimony admissible under either of two grounds as being within the *res gestae* exception and also as being corroborative of the sexual battery victim's testimony.

To qualify as part of the *res gestae,* a statement must be substantially contemporaneous with the litigated transaction and be the spontaneous utterance of the mind while under the active immediate influence of the event. The reason for the exception is that special reliability may be given a statement uttered in a state of spontaneous excitement which suspends the declarant's powers of reflection and fabrication. *State v. Blackburn,* 271 S. C. 324, 247 S. E. (2d) 334 (1978) ; *Marshall v. Thomason,* 241 S. C. 84, 127 S. E. (2d) 177 (1962).

In this case there was a lapse in the evening from the time of the sexual battery itself to the time when the statement was made. To qualify as part of the *res gestae* the utterance need only be substantially contemporaneous with the transaction. *State v. Quillien,* 263 S. C. 87, 207 S. E. (2d) 814 (1974). Though there was a lapse from the time of the sexual battery, it is clear that the statement was made immediately upon the prosecuting witness's freedom from appellant's dominion. There was no substantial lapse from the time the victim was freed from the clutches of her assailant to the time when she first had an opportunity to speak to a third party. The requirements for *res gestae* are therefore met.

Though the testimony of the victim in prosecutions under Section 16-3-653 need not be corroborated, *See* Section 16-3-657, corroboration is not barred. In *State v. Harrison,* 236 S. C. 246, 113 S. E. (2d) 783 (1960) this court stated:

"It is well settled that the fact that the prosecutrix complained of a rape may be shown in corroboration of her testimony. *State v. Sudduth,* 52 S. C. 488, 30 S. E. 408; *State v. Dawson,* 88 S. C. 225, 70 S. E. 721; *State v. Black,* 204 S. C. 414, 29 S. E. (2d) 675. If the prosecutrix does not testify, such evidence is inadmissible. *State v. Wallace,* 122 S. C. 520, 115. S. E. 811. The particulars or details are not ad-

missible but so much of the complaint as identifies 'the time and place with that of the one charged' may be shown. Wigmore on Evidence, 3rd Ed., Section 1136; *Lauderdale v. State,* 227 Miss. 113, 85 So. (2d) 822. The testimony in controversy did not go beyond the foregoing limitations and certainly was not prejudicial."

*See also State v. Sharpe,* 239 S. C. 258, 122 S. E. (2d) 622 (1961). The testimony here was well within the limitations as stated in *State v. Harrison, supra,* and was admissible on this ground also.

■ During the course of the evening when appellant forced the prosecuting witness to accompany him on a search for alcoholic beverages, they came upon the home of witness Theresa Dill. While on the porch, prosecuting witness allegedly said, "Honey, please open the door." Appellant contends this statement is hearsay and the trial judge therefore erred in admitting it. We disagree. The statement was obviously not offered for the truth of the matter asserted and therefore, by definition, is not hearsay.

■ Appellant next contends that the trial court judge erred by not specifically charging lack of consent. We disagree.

The trial court judge charged the applicable provisions of the criminal sexual conduct statutes. See Sections 16-3-651 to 16-3-654, S. C. Code Ann. (1976). The jury found appellant guilty of criminal sexual conduct in the second degree. Section 16-3-653(1) provides that, "A person is guilty of criminal sexual conduct in the sceond degree if the actor uses aggravated coercion to accomplish sexual battery." The language "aggravated coercion" is meant to provide that the sexual battery occurred under circumstances where the victim's consent was lacking. The statutory definition of "aggravated coercion" makes this clear:

"Aggravated coercion" means that the actor threatens to use force or violence of a high and aggravated nature to over-

come the victim or another person, if the victim reasonably believes that the actor has the present ability to carry out the threat, or threatens to retaliate in the future by the infliction of physical harm, kidnapping or extortion, under circumstances of aggravation, against the victim or any other person." Section 16-3-651(b).

Given the adequacy of the statutory language, appellant's request to charge was unnecessary. The trial court judge, therefore, committed no error.

Appellant next alleges that the trial court judge erred by denying his motion for a new trial wherein he alleged that despite his Brady motion the State withheld results of a hair sample test said to have probative value and to be exculpatory in nature. We disagree.

The medical examiner conducted a process to determine whether any foreign hair were present on the prosecuting witness. None were. During the preliminary hearing, counsel for defendant questioned the investigator about the test and was told by the investigator that he could consult with a Mr. Stombaugh at the State Law Enforcement Division concerning the results of the test. Counsel chose not to. Only after the State rested its case did counsel raise the hair sample test issue. Counsel for appellant was granted a recess at trial during his case to meet with Stombaugh but chose not to put him up.

Actually since the test revealed no foreign hair, it was neither inculpatory nor exculpatory. We fail to see how this was "favorable" to appellant. *Brady v. Maryland,* 373 U. S. 83, 83 S. Ct. 1194, 10 L. Ed. (2d) 215 (1963). Regardless, where evidence is equally available to the accused, the State has no obligation to furnish such evidence. *Anderson v. Leeke* 271 S. C. 435, 248 S. E. (2d) 120 (1978).

Appellant also excepts to testimony of the prosecuting witness identifying an undergarment as hers and to the subsequent admission of the garment into evidence. We have care-

fully reviewed the transcript and find no error. Because no error appears and no matter of precedent is involved, this exception is disposed of under our Rule 23.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.