21598

In the Interest of Jessie SMITH, Appellant.
(284 S. E. (2d) 586)

*Appellate Defender John L. Sweeny* and *Asst. Appellate Defender Kathy D. Lindsay, of S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Attys. Gen. Lindy P. Funkhouser, Martha L. McElveen* and *Nathan L. Black,* Columbia, and *Asst. Sol. Cliff Welsh,* Lexington, *for respondent.*

November 23, 1981.

HARWELL, Justice:

Appellant Jessie Smith, a minor, was charged with criminal sexual conduct in the first degree on a three (3) year old child. He was found delinquent and was committed to the custody of the Department of Youth Services. Appellant alleges the Family Court erred in admitting certain testimony of the victim's mother. We disagree and affirm the Family Court's decision.

On the day in question, the young victim, who had been playing outside, ran to her mother crying and disheveled. The young girl then described to her mother the actions of the appellant. At trial, the mother was allowed to testify to what her daughter had said immediately after the incident. Although present at trial, the young victim did not testify. Appellant contends that the statement was hearsay and therefore improperly admitted. We disagree and find the testimony admissible under the *res gestae* exception.

> Accusatory utterances are admissible as part of the *res gestae* when they spring spontaneously and instinctively from the stress of pain or excitement and are made soon enough after the act to preclude deliberation. In

determining whether the statements are within the *res gestae* exception, the trial court is vested with wide discretion. *State v. Blackburn*, 271 S. C. 324, 247 S. E. (2d) 334 (1978); *Marshall v. Thomason*, 241 S. C. 84 127 S. E. (2d) 177 (1962).

In this case there was no lapse from the time the young victim left her assailant to the time when she first had an opportunity to speak to her mother. She was obviously upset and showing signs of pain. Therefore, the spontaneity requirement for *res gestae* is met. *State. v. Cox*, 274 S. C. 624, 266 S. E. (2d) 784 (1980).

Appellant erroneously reads our cases, *State v. Sudduth*, 52 S. C. 488, 30 S. E. 408 (1898); and *State v. Dawson*, 88 S. C. 225, 70 S. E. 721 (1911), to require that the prosecutrix testify before her spontaneous statements are admissible under the *res gestae* exception. Appellant confuses two separate grounds of admitting hearsay testimony: (1) the *res gestae* exception, and (2) as corroborative of the sexual battery victim's testimony. Either ground would render the testimony admissible. *State v. Cox*, supra. Since we find the *res gestae* requirements are met, the hearsay testimony was properly admitted even though the young victim did not testify.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.