### UNITED STATES

#### v.

**Master Sergeant Cornelis DEJONGE, Jr., FR 285–38–3650 United States Air Force.**

**ACM 23859.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 9 Dec. 1982.

Decided 7 Sept. 1983.

---

Appellate Counsel for the Accused: Colonel George R. Stevens and Major William H. Lamb.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert.

Before HODGSON, FORAY and MILLER, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

This case is a tragedy that depicts sexual abuse of a daughter by her natural father. The accused's misconduct resulted in a con-

viction of multiple rape * for which he was sentenced to confinement at hard labor for ten years and reduction to airman basic. We affirm his conviction.

## I

The accused first had sexual intercourse with his daughter when she was eleven years old and continued on a regular basis until well beyond her seventeenth birthday, when she told a neighbor what her father was doing. Several times she told her father she "didn't want to do it anymore," but the accused said "it wasn't wrong." She was afraid of her father, and once when they had sexual relations he threatened "to beat the hell out of her." Occasionally, she cried when they had sexual intercourse, but usually she went off and cried by herself.

She did not tell her mother what the accused was doing because her mother had leukemia and she was afraid it would affect her health. She finally told a friend what was happening when her mother had to go to the hospital and was taking the older sister, who was retarded, with her. Since she and the accused would be alone in the house, he indicated, "we could do it every night," and have "quickies at lunch time."

In July 1982, the accused, while his attorney was present, acknowledged having sexual relations with his daughter over the last three and half years. The accused also admitted this to his wife.

A psychologist assigned to the Youth and Victim Services, Colorado Springs Police Department, testified on the dynamics of the incest family. She stated that where the sexual abuse by the father begins at an early age, the child has no awareness that the father's behavior is inappropriate or unacceptable. Further, it is uncommon for the victim to physically resist the father, and when the initial advances begin at a youthful age, the child becomes very much conditioned to it. It is not a question of consent, but of the child allowing the father to do what he wishes.

* He was acquitted of wrongfully committing indecent, lewd and lascivious acts with his

## II

At trial and on appeal the accused maintains that the evidence does not show that his daughter was forced to have sexual relations with him. We find this assertion to be totally lacking in merit. As Judge Brosman stated in *United States v. Henderson,* 4 U.S.C.M.A. 268, 15 C.M.R. 268 (1954):

[A] rape victim's resistance need only be such as to make a want of consent and actual resistance reasonably manifest— having regard to *her age,* her strength, *and the surrounding circumstances* (emphasis supplied).

Resistance of the victim is a relative term and must be considered in accordance with the special circumstances of each case. *State v. Berezovsky,* 335 So.2d 592 (Fla. App.1976). Consent to sexual intercourse, if induced by fear, fright or coercion is equivalent to physical force. *United States v. Jenkins,* 16 C.M.R. 781 (A.F.B.R.1954), *pet. denied* 16 C.M.R. 298 (C.M.A.1954). Therefore, we hold there is constructive force where the sexual intercourse is accomplished under the compulsion of long continued parental duress. *State v. Richardson,* 349 Mo. 1103, 163 S.W.2d 956 (1942). Accordingly, in the rape of a daughter by her father it is not necessary to show that she physically resisted. It is sufficient that she submitted under compulsion of parental command. *State v. Dawson,* 88 S.C. 225, 70 S.E. 721 (1911).

This record graphically and tragically shows that the accused used force in the nature of parental coercion to have sexual intercourse with his daughter. We are convinced beyond a reasonable doubt that the accused is guilty of rape. Article 66(c), U.C.M.J., 10 U.S.C. § 866(c).

## III

Appellate counsel urge that a specification which alleges rape "at divers times" with the same victim over an ex-

daughter.

tended period of time is improper and amounts to creating a new offense. We disagree for two reasons. First, alleging an offense in such a manner is a practice recognized and accepted in both the military and federal systems. *United States v. Schumacher,* 2 U.S.C.M.A. 134, 7 C.M.R. 10 (1953); *United States v. Francis,* 12 C.M.R. 695 (A.F.B.R.1953); *pet. denied* 13 C.M.R. 142 (C.M.A.1953). Second, an objection to a specification on the ground of duplicity must be made at trial, or else be deemed waived. *United States v. Parker,* 3 U.S.C.M.A. 541, 13 C.M.R. 97 (1953).

## IV

■ After the trial was over and before the convening authority took his action, the president of the court-martial wrote a letter to the convening authority stating the court's sentencing rationale. He stated the court's concern for the medical problems that the accused's wife and two oldest daughters were experiencing and the likelihood that treatment would be required for some time. He indicated why forfeiture of pay and allowances was not adjudged and went on to state;

> We deliberately did not impose a punitive discharge as part of the sentence. Our primary reason for not doing so was to allow his family to retain eligibility for medical benefits and other benefits normally available to active duty or retired military dependents.

> I understand that MSgt DeJonge could be separated without retirement at some point before completing his confinement. If this were to occur, the court's rationale for rejecting a punitive discharge during sentencing would be abrogated. We hope our concern for the family's welfare is considered as this case is reviewed.

A copy of the letter was served on civilian defense counsel along with the staff judge advocate's review. *United States v. Goode,* 1 M.J. 3 (C.M.A.1975). In his *Goode* response civilian counsel found the letter objectionable and "an obvious attempt to influence the commander to sustain the findings and punishment as administered by the general court-martial." The staff judge advocate advised the convening authority to consider the letter only as a positive recommendation that the accused's family not lose military dependency benefits. Appellate counsel also view this document as having a potential to deprive the accused of an objective clemency evaluation by the convening authority. They ask that the record be sent to a new convening authority for review and action.

We do not view the challenged communication as a poison pen letter, but rather as an unsolicited recommendation for clemency that was favorable to the accused. The gist of the letter was that the court wanted the accused to be able to retire, and thus retain his retirement benefits for himself and his family. Under the facts of this case we discern no prejudice.

The remaining assigned errors have been examined and are resolved adversely to the accused. Mil.R.Evid. 103(a)(1); *United States v. Bolden,* 16 M.J. 722 (A.F.C.M.R. 1983). Accordingly, the findings of guilty and the sentence are

AFFIRMED.

FORAY, Senior Judge, and MILLER, Judge, concur.