**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Michael Anthony Bodison, Appellant.

Appellate Case No. 2017-000785

---

Appeal From Colleton County
R. Lawton McIntosh, Circuit Court Judge

---

Unpublished Opinion No. 2019-UP-136
Submitted February 1, 2019 – Filed April 17, 2019

---

**AFFIRMED**

---

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Phillips*, 416 S.C. 184, 192, 785 S.E.2d 448, 452 (2016) ("In reviewing a motion for directed verdict, the trial court is concerned with the

existence of evidence, not with its weight."); *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("A defendant is entitled to a directed verdict when the [S]tate fails to produce evidence of the offense charged."); *id*. at 292-93, 625 S.E.2d at 648 ("When reviewing a denial of a directed verdict, [an appellate court] views the evidence and all reasonable inferences in the light most favorable to the state. If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the [appellate court] must find the case was properly submitted to the jury."); S.C. Code Ann. § 16-3-654(1) (2015) ("A person is guilty of criminal sexual conduct in the third degree if the actor engages in sexual battery with the victim and . . . [t]he actor uses force or coercion to accomplish the sexual battery in the absence of aggravating circumstances."); *State v. Hamilton*, 276 S.C. 173, 178, 276 S.E.2d 784, 786 (1981) ("[C]riminal sexual conduct in any degree means 'that the sexual battery occurred under circumstances where the victim's consent was lacking.'" (quoting *State v. Cox*, 274 S.C. 624, 628, 266 S.E.2d 784, 786 (1980))); *id*. (providing force and coercion "mean to make a person . . . follow a prescribed and dictated course" or to "force one's will on someone" (alteration in original) (quoting AMERICAN HERITAGE DICTIONARY)); *State v. Richardson*, 358 S.C. 586, 593, 595 S.E.2d 858, 861 (Ct. App. 2004) (holding a jury could reasonably infer the use of coercion where an authority figure repeatedly threatened to withhold assistance from a victim resulting in intimidation to the point of overcoming the victim's will); *id.* ("[A]uthority itself intimidates; the implicit threat to exercise it coerces. Coercion . . . is a form of constructive force." (alteration in original) (quoting *State v. Hardy*, 409 S.E.2d 96, 98 (N.C. Ct. App. 1991)).

**AFFIRMED.**[1]

**WILLIAMS, GEATHERS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.