## UNITED STATES

v.

### Gerald W. HOSIE, 084 46 5406, Private (E-1), U. S. Marine Corps.

### NCM 78 1826.

U. S. Navy Court of Military Review.

13 March 1979.

LT Lawrence W. Muschamp, JAGC, USN, Appellate Defense Counsel.

CDR T. C. Watson, Jr., JAGC, USN, Appellate Government Counsel.

Before DUNBAR, GREGORY and GLADIS, JJ.

### PER CURIAM:

We have examined the record of trial, the assignment of error, and the Government's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.

In our opinion the record discloses substantial compliance with *United States v. Booker,* 5 M.J. 238 (C.M.A.1977), with respect to appellant's prior nonjudicial punishment of 28 December 1977. The accused signed a statement acknowledging his right to consult with independent counsel and voluntarily, knowingly, and intelligently waived that right. The statement also

shows that the accused acknowledged his right to refuse to accept either nonjudicial punishment or summary court-martial. The accused not only initialled his understanding of these rights but also affixed his signature to the statement.

We note that *United States v. Booker, supra,* was reconsidered by the Court of Military Appeals at 5 M.J. 246 (C.M.A.1978). The requirements of independent advice of counsel and waiver of the right of removal for trial in a "criminal proceeding," as explained in the initial *Booker* decision, were founded on the theory that a summary court-martial was a disciplinary hearing limited to "minor military offenses unknown in the civilian society." Although the reconsideration of *Booker* resulted in a retraction of this underlying theory, nonetheless it left standing the protective procedures delineating the summary court-martial from general and special courts-martial. *Booker* I and *Booker* II are in logical conflict and the field is without guidance to reconcile this dilemma. Accordingly, we believe the service courts will have to weigh each case independently and balance the requirements of *Booker* I with the logic in *Booker* II. *See United States v. Rivera,* 6 M.J. 535 (N.C.M.R.1978).

Accordingly, the findings and sentence as approved below are affirmed.

GLADIS, Judge (dissenting):

I dissent. In my opinion the accused was prejudiced by admission during presentencing proceedings of evidence of a prior nonjudicial punishment under Article 15, Uniform Code of Military Justice, 10 U.S.C. § 815, without a showing of an intelligent waiver of his right to removal to a criminal proceeding, as required by the Court of Military Appeals in *United States v. Booker,* 5 M.J. 238 (CMA 1977).

In order to show compliance with *Booker,* trial counsel introduced service record entries signed by the accused which read as follows:

> I understand that I have a right to consult with independent counsel prior to deciding whether I will accept or refuse

either NJP or a SCM, and that this counsel may be either a military lawyer made available to advise me, free of charge to me, or a civilian lawyer provided at my own expense. I also understand that I have the right to refuse to accept either NJP or a SCM, except that I may not refuse to accept NJP if I am embarked in a vessel. I understand that I may give up these rights, and that any action by me to give up these rights must be taken voluntarily by me after carefully considering the consequences. Having been advised of the above I desire to (Check One)

_____ Talk to independent counsel prior to deciding what I should do.

___*___ I voluntarily, knowingly, and intelligently give up my right to talk to counsel and to decide on my own whether I will accept or refuse NJP or SCM.

> Understanding the above my desires are as follows: (Check One)

_____ I refuse to accept NJP

___*___ I will accept NJP in lieu of trial by court-martial

_____ I refuse to accept a SCM

_____ I will accept a SCM

> My decision to accept NJP/SCM was made by me without conferring with counsel. I understand this decision was made by me of my own free will, voluntarily, and without any promise or threats being made to me, and after considering all the possible consequences of my decision.

(* Initialled by the accused)

Before evidence of a prior nonjudicial punishment may be introduced, *Booker* requires a showing that the accused was advised of his right to consult with counsel prior to accepting nonjudicial punishment and a showing that the accused voluntarily and intelligently waived his statutory right of removal to trial in a criminal proceeding. *Id.* at 243; *cf. United States v. Rivera,* 6 M.J. 535, 540 (N.C.M.R.1978). *Booker* holds that the waiver must establish a voluntary, knowing, and intelligent decision to forego removal to a criminal proceeding (special or

general court-martial) which was done with sufficient awareness of the relevant circumstances to satisfy the standards set forth in *Johnson v. Zerbst*, 304 U.S. 458, 465, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) and *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). This is because the individual thereby actually waives his right to a full adversary criminal proceeding with its attendant Fifth and Sixth Amendment protections. *United States v. Booker*, 5 M.J. 238, n.20 (C.M.A.1977).

While the statements introduced by trial counsel in this case reflect compliance with the requirement imposed by *Booker*, that the individual to be disciplined must be told of his right to confer with an independent counsel before he opts for disposition at Article 15 proceedings, they do not establish the requirement of a voluntary and intelligent decision to forego removal, made with sufficient awareness of the relevant circumstances. The Court of Military Appeals found in *Booker* that the consequences of a decision to accept an Article 15 disciplinary action involve due process considerations and that only a legally trained person can supply the requisite quantum of information necessary for an informed decision. The legal ramifications of the decision to choose a criminal adversary proceeding as opposed to a disciplinary hearing can be great in terms of substantive and procedural rights at a given hearing, punishment limitations, and potential uses of the imposition of discipline through such forums at a later criminal proceeding. If the advice of a legally trained person is required to explain meaningfully the ramifications of the waiver and to permit the individual to make an informed decision, a purported waiver of the right to removal is clearly invalid without a showing that the individual either received the advice of counsel or knowingly and understandingly waived his right to consult with counsel prior to making his election. The record in this case does not establish that the accused understood the ramifications of accepting nonjudicial punishment under Article 15 and foregoing his right to removal to a criminal proceeding (special or general court-martial). His bald

statement that he had considered the consequences of his decision without setting forth those consequences simply does not establish that he was meaningfully advised of or understood those consequences. Thus it does not establish the intelligent waiver required by *Booker*. As a result, evidence of the prior nonjudicial punishment was erroneously admitted. Although we may disagree with the rationale and the results of the application of *Booker*, we may not ignore its mandate. *See United States v. Heflin*, 1 M.J. 131, n.6 (C.M.A.1975); *United States v. Rivera, supra*. Under the circumstances of this case, there is a fair risk that the accused was prejudiced by the error. I cannot say that the court would have adjudged a bad-conduct discharge in the absence of this evidence. Therefore, I would reassess the sentence.