**UNITED STATES**

v.

**Gary L. DORAN, 376 74 3964, Private (E–1), U. S. Marine Corps.**

**NCM 79 1043.**

U. S. Navy Court of Military Review.

Sentence Adjudged 9 April 1979.

Decided 25 Sept. 1979.

CDR S. Gaeta, Jr., JAGC, USN, Appellate Defense Counsel.

CDR T. C. Watson, Jr., JAGC, USN, Appellate Government Counsel.

Before DUNBAR, Senior Judge, and GREGORY and GLADIS, JJ.

GLADIS, Judge:

The accused was convicted pursuant to his pleas at a special court-martial bench trial of an unauthorized absence of 50 days, in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886 and sentenced to a bad-conduct discharge, confinement at hard labor for 2 months, and forfeiture of $279.00 per month for 2 months.

We find that the accused was prejudiced by the admission during presentencing proceedings of evidence of a prior nonjudicial punishment under Article 15, UCMJ, 10 U.S.C. § 815, without a showing of an intelligent waiver of his right to removal to a criminal proceeding, as required by the Court of Military Appeals in *United States v. Booker*, 5 M.J. 238 (C.M.A. 1977). We also view with concern the failure of the staff judge advocate, in his post-trial review, to summarize or even refer to the evidence in extenuation and mitigation presented by the defense. The trial defense counsel, however, did not comment on this deficiency when afforded the opportunity to do so pursuant to *United States v. Goode*, 1 M.J. 3 (C.M.A.1975). A meaningful reassessment of the sentence is required under the circumstances of this case.

During presentencing proceedings trial counsel introduced evidence of a prior nonjudicial punishment for unauthorized absences of 31, 21, and 2 days. In order to show compliance with *Booker, supra*, he introduced service record entries similar to those offered in *United States v. Hosie*, 6 M.J. 963 (N.C.M.R.1979), *pet. den.* 7 M.J. 259 (C.M.A.1979). Defense counsel did not object. His failure to do so did not constitute a waiver. *See United States v. Mathews*, 6 M.J. 357 (C.M.A.1979); *United States v. Heflin*, 1 M.J. 131 (C.M.A.1975).

Before evidence of a prior nonjudicial punishment may be introduced, *Booker* requires, first, a showing that the accused was advised of his right to consult with counsel prior to accepting nonjudicial punishment and, second, a showing that the accused voluntarily and intelligently waived his statutory right of removal to trial in a criminal proceeding. *United States v. Booker, supra*. *Cf. United States v. Rivera*, 6 M.J. 535, 540 (N.C.M.R.1978). The waiver must establish a voluntary, knowing, and intelligent decision to forego removal to a criminal proceeding (special or general court-martial) which was done with sufficient awareness of the relevant circumstances to satisfy the standards set forth in *Johnson v. Zerbst*, 304 U.S. 458, 465, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) and *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). This is because the individual thereby actually waives his right to a full adversary criminal proceeding with its attendant fifth and sixth amendment protections. *United States v. Booker, supra* at 243, n.20. While the record in this case reflects compliance with the first requirement of *Booker*, it does not show compliance with the second.

The record does not establish the voluntary, knowing, and intelligent waiver of removal to a criminal proceeding, made with sufficient awareness of the relevant circumstances, because it does not establish that the accused understood the ramifications of accepting nonjudicial punishment under Article 15, UCMJ, and thereby fore-

going removal to a criminal proceeding. *See United States v. Davis*, 6 M.J. 969 (N.C. M.R.1979); *United States v. Hosie, supra* (Gladis, J., dissenting). When the accused has waived his right to consult with counsel and has accepted punishment under Article 15, UCMJ, or by a summary court-martial, the record should set forth the advice he had been given, including the explanation of the ramifications of foregoing removal to a criminal proceeding, in order to establish an intelligent waiver.

██ Absent a proper showing that the accused understood the ramifications of foregoing his right to a criminal trial, evidence of the prior nonjudicial punishment was inadmissible. Under the circumstances of this case, in view of the evidence in extenuation and mitigation, there is a fair risk that the accused was prejudiced by the error. We cannot say that the judge would have imposed a bad-conduct discharge in the absence of the inadmissible evidence. Therefore, in order to purge the error, we shall reassess the sentence and eliminate the bad-conduct discharge. Accordingly, the findings of guilty and only so much of the sentence as approved on review below as provides for confinement at hard labor for 2 months and forfeiture of $279.00 per month for 2 months are affirmed.

GREGORY, Judge (concurring):

The service record entries intended to show compliance with *United States v. Booker*, 5 M.J. 238 (C.M.A.1977), are identical to those we found sufficient in *United States v. Hosie*, 6 M.J. 963 (N.C.M.R.1979). Upon further consideration of the basic issue found in both *Hosie* and this case, I conclude that the rationale of Judge Gladis is the correct one and that the service record entries in question do not establish that the accused made a knowing waiver of his right to have his case removed to a criminal proceeding. *See also United States v. Rembert*, 5 M.J. 910 (A.C.M.R.1978), *pet. granted* 6 M.J. 146 (C.M.A.1978).

I concur in the disposition directed by the principal opinion.

DUNBAR, Senior Judge (concurring):

I concur in the result.