**UNITED STATES, Appellant,**

v.

**Gary L. DORAN, Private, U. S. Marine Corps, Appellee.**

No. 38,126.
CMR No. 791043/S.

U. S. Court of Military Appeals.

Oct. 27, 1980.

For Appellee: *Lieutenant Larry A. McCullough,* JAGC, USNR (argued).

For Appellant: *Lieutenant Colonel D. A. Higley,* USMC (argued); *Commander T. C. Watson, Jr.,* JAGC, USN (on brief); *Lieutenant Commander Bradley S. Beall,* JAGC, USN.

*Opinion of the Court*

EVERETT, Chief Judge.

At his trial by a military judge sitting alone as a special court–martial, the accused was convicted of an unauthorized absence. During the sentencing proceedings the judge received in evidence, without defense objection, a record of a prior nonjudicial punishment. A sentence was imposed of a bad–conduct discharge, confinement at hard labor for 2 months, and forfeiture of $279.00 pay per month for a like period. After approval below of this sentence, the United States Navy Court of Military Review–finding that Doran had been prejudiced by admission in evidence of a prior nonjudicial punishment–reassessed the sentence. After explaining that "[w]e cannot say that the judge would have imposed a bad–conduct discharge in the absence of the inadmissible evidence," the Court of Military Review eliminated the punitive discharge from the sentence. 7 M.J. 1015, 1018 (1979). In turn, the Judge Advocate General of the Navy certified to us this question:

WHETHER THE UNITED STATES NAVY COURT OF MILITARY RE-

VIEW CORRECTLY CONCLUDED THAT PROSECUTION EXHIBIT 2 WAS INADMISSIBLE?

The questioned exhibit is a page from Doran's service records. Also received in evidence was an accompanying page from the same service record. *See* Appendix A.

■ Appellate defense counsel maintains that for this Court to answer the certified question would constitute improper review by us of a determination by the Court of Military Review as to appropriateness of a sentence. We disagree. When reassessment of sentence by the Court of Military Review—or a refusal to reassess—is premised upon an error of law, then that error may be brought before this Court by petition or by certificate. In such an instance, we are simply freeing the Court below to exercise its sentence review powers without the restraints resulting from a misapprehension on a point of law.

■ Appellate defense counsel also argues that consideration of the certified issue is precluded because in doing so we would necessarily review the exercise of the fact–finding powers of the Court of Military Review. This argument assumes that the record of nonjudicial punishment was held inadmissible by the Court of Military Review, because it determined *as a matter of fact* that Doran had not "voluntarily and intelligently waived his statutory right of removal to trial in a criminal proceeding." *Id.* at 1017. Once again we must disagree. In our view, instead of exercising its fact–finding powers, the Court of Military Review was ruling that, *as a matter of law*, this record of trial was insufficient to establish existence of a "waiver of removal," *id.*, that would comply with *United States v. Booker*, 5 M.J. 238 (C.M.A.1977).

■ In turn, on this question of law, we conclude that the record of nonjudicial punishment was adequate on its face to justify its reception in evidence. The case parallels *United States v. Hayes*, 9 M.J. 331 (C.M.A.1980), where we upheld the admissibility of a similar Navy form used to record nonjudicial punishments. Here the case for admission is even stronger, since the advice concerning consultation with counsel makes clear that military counsel will be made available without expense to the accused.[1]

Accordingly, we conclude that the military judge did not err in admitting prosecution exhibit 2, the record of nonjudicial punishment.

The decision of the United States Navy Court of Military Review is reversed as to sentence. The record of trial is remanded to the Judge Advocate General of the Navy for referral to the Court of Military Review for further review of the sentence.

Judge Cook concurs.

---

1. The form used in the case at bar did not specify where the accused could locate counsel. To facilitate access to counsel, it is desirable if the forms used for nonjudicial punishment contain a space for insertion of an address where counsel can be consulted. This information has been provided on many of the forms in the records of trial that we have recently reviewed.

## APPENDIX A

### OFFENSES AND PUNISHMENTS

781221: HQHQRON, MCAS, CPNC: CH: Viol of the UCMJ, Art. 86. SP 1: UA(AWOL) fr MATSG–90 Millington TN fr 0530, 780810 to 2100, 780910. SP 2: UA(AWOL) fr HQHQRON, MCAS, CHERPT, NC fr 0731, 780926 to 1300, 781017. SP 3: UA(AWOL) fr HQHQRON, MCAS, CHERPT, NC fr 0830, 781019 to 2330, 781021. Awd forf $100.00 per mo for 02 mos, 45 days extra duties, restr to limits of HQHQRON, MCAS, CPNC to include Bks, pl of duty, pl of worship, USNH, and enl dining facility for a pd of 45 days w/o susp fr du, 781221. NJP awd by CO, 781221. Not appealed. See page 11c for full advice given SNM regarding his rights. Rpt on UD # _248–78_ dtd _781225_ .

[signed]_____ By direction

| GOOD CONDUCT MEDAL PERIOD COMMENCES: | ORGANIZED MARINE CORPS RESERVE MEDAL PERIOD COMMENCES: |
|---|---|
| | PE # 2 |

| EMBOSSED PLATE IMPRESSION | | | | |
|---|---|---|---|---|
| | DORAN | Gary | L | 376 74 3964 |
| NAME | *(Last)* | *(First)* | *(Middle)* | SERVICE NO. |

OFFENSES AND PUNISHMENTS (1070)

APPENDIX A—Continued

_____ CLASS SWIMMER _____
(DATE)

| (Signature) | (Signature) | BY DIRECTION |
|---|---|---|

781221 : HQHQRON, MCAS, CPNC: I understand that I have the right to confer with independent counsel prior to deciding whether I will accept of refuse either NJP or a SCM and that this counsel may be either a military lawyer made available to advise me, free of charge to me, or a civilian lawyer provided at my own expense. I also understand that I have the absolute right to refuse to accept either NJP or a SCM, except that I may not refuse to accept NJP if I am attached to or embarked on a vessel. I understand that I may give up these rights, and that any action by me to give up these rights must be taken voluntarily by me after carefully considering the consequences.

Having been advised of the above, I desire to: (check one)

___ Talk to independent counsel prior to deciding what I should do.

✓ Voluntarily, knowingly, and intelligently give up my right to talk to counsel and to decide on my own whether I will refuse or accept (NJP) (G.L.D.).

Sign of Acc  Gary L. Doran
Sign of Wit  [signed]
        Date  781221

Understanding the above, my desires are as follows: (check one)

___ I refuse to accept NJP.

✓ I will accept NJP and I do not demand trial by court-martial.

___ I refuse to accept a SCM.

___ I will accept a SCM.

___ My decision to accept (NJP) (SCM) was made after conferring with counsel who was

✓ My decision to accept (NJP) (G.L.D.) was made by me without conferring with counsel. I made this decision freely and voluntarily, without any promises or threats being made to me, and after considering the possible consequences of my decision.

Sign of Acc  Gary L. Doran
Sign of Wit  [signed]
        Date  78 12 21

: HQHQRON, MCAS, CPNC: Counselled as to possible affect upon continuing eligibility to hold a security clearance.

_____ ACC.
_____ WIT.

PE # 1

DORAN, GARY L.

                                    376 74 3964

| NAME ·(last, first, middle) | SSN | |
|---|---|---|

11 C

---

FLETCHER, Judge (dissenting):

I must dissent, in accord with my opinions in *United States v. Mack,* 9 M.J. 300 (C.M.A.1980), and *United States v. Hayes,* 9 M.J. 331 (C.M.A.1980); and the decision of this Court in *United States v. Dukes,* 5 M.J. 71 (C.M.A.1978).