UNITED STATES, Appellee,

v.

Timothy JOSEPH, Private First Class,
U.S. Army, Appellant.

No. 39,100/AR.
CM 438327/G.

U. S. Court of Military Appeals.

Aug. 10, 1981.

For Appellant: *Captain Courtney B. Wheeler* (argued); *Colonel Edward S. Adamkewicz, Jr., Lieutenant Colonel John F. Lymburner, Major Jerome E. Kelly* (on brief); *Major Carolos A. Vallecillo.*

For Appellee: *Captain Paul K. Cascio* (argued); *Colonel R. R. Boller, Major Ted B. Borek* (on brief); *Major Douglas P. Franklin, Captain Rexford T. Bragaw, III, Captain Stephen D. Smith.*

*Opinion of the Court*

COOK, Judge:

We granted review to determine whether appellant's post-trial assertion that his company commander promised him an Article 15[1] in exchange for his cooperation during an investigation precludes subsequent conviction by general court-martial in accordance with his pleas of guilty. We will assume for the purposes of this appeal that the charges before the general court-martial were the same as those discussed by the commander, although there is some conflict in the nature of the charges.[2] In view of our disposition of the case, and for the reasons hereafter set forth, we conclude that appellant's post-trial assertions do not require reversal of the findings of guilty.

---

1. Uniform Code of Military Justice, 10 U.S.C. § 815.

2. This assumption would be inappropriate if we resolved the case against the Government. *United States v. Bell,* 7 M.J. 108 (C.M.A.1979).

In *United States v. Chancelor*, 16 U.S.C. M.A. 297, 300, 36 C.M.R. 453, 456 (1966), the Court proposed that the trial judge (then called law officer) conduct an extensive providence inquiry and observed the following:

> If, however, the procedure understood by the Congress to be instituted and adopted by the President in the Manual [for Courts-Martial, United States, 1951], . . . paragraph 70*b*, had been followed, there would have been a delineation of the elements of the offense and an express admission of factual guilt on the record. Thus, the accused's later, post-trial protestations of innocence would have fallen on deaf ears. . . . We, therefore, strongly urge the services to take remedial action and insure compliance with the statutory and regulatory inquiry to be made into guilt in fact. From records before us, we note that such is done, almost without exception, in Army and Navy cases. Should the procedure be adopted throughout all the services, we believe the haunting issue of improvident pleas would become rare indeed and, as Mr. Larkin declared, "would have the added advantage of settling once and for all that he [the accused] is the man who did what he is charged with doing." House Hearings, . . . [H.R. 2498, 81st Congress, First Session] at page 1054.

Subsequently, in *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), the Court regularized the plea of guilty procedure by requiring that the military judge apprise the accused of the constitutional rights that he waived by a plea of guilty; that he explain the elements of the offense to the accused; and that he conduct an inquiry to determine that the plea accorded with the actual fact of guilt. One of the anticipated benefits of the new procedure was elimination "of the 'blizzard of . . . [post-conviction] affidavits'" contesting accused's understanding at trial of the meaning and legal consequences of his pleas of guilty. *Id.* at 541, 40 C.M.R. at 253. That anticipation was not fully realized. As a result, in *United States v. Green*, 1 M.J. 453 (C.M.A.1976), the Court amplified the *Care*

procedure to require the military judge to inquire, specifically, into the terms of a pretrial agreement. As explicated further in *United States v. King*, 3 M.J. 458, 459 n. 7 (C.M.A.1977), post-conviction disputes as to the meaning of particular provisions of plea agreements threatened to become "'a fertile source of appellate litigation'" that could be curbed effectively only by appropriate inquiry by trial judges.

The manifest purpose of the *Chancelor/Care/Green* trilogy was to foreclose post-conviction litigation as to the providence of guilty pleas. If that purpose was to be fully achieved, the record showing of accused's understanding of the terms of his pretrial agreement and of the nature and consequences of his plea of guilty had to be accorded primacy over an inconsistent post-conviction action or declaration. Thus, even before *Green*, the Court held in *United States v. Lanzer*, 3 M.J. 60 (C.M.A.1977), that a convening authority could not unilaterally set aside a plea of guilty and order a rehearing on the basis of a post-trial statement by the accused that was inconsistent with his representations to the judge during the trial inquiry into the providence of the plea of guilty.

In his opinion in *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A.1980), Chief Judge Everett observed that "evidence from outside the record will not be considered by appellate authorities to determine anew the providence of the plea."

■ Government counsel contest the factual assertion by the accused that a plea agreement between himself and his company commander had been made. Aside from that, this Court has held that a commander of a subordinate unit like that of the accused's commander cannot grant immunity from trial by general court-martial. *United States v. Thompson*, 11 U.S.C.M.A. 252, 29 C.M.R. 68 (1960). *See United States v. McIntosh*, 612 F.2d 835 (4th Cir. 1979); *United States v. Werthman*, 5 U.S.C.M.A. 440, 18 C.M.R. 64 (1955); para. 68*h*, Manual for Courts-Martial, United States, 1969 (Revised edition). Moreover, as the actual im-

position of Article 15 punishment cannot bar trial by court-martial for a major offense, a promise to impose such punishment in lieu of court-martial cannot preclude court-martial for a major offense. *United States v. Fretwell*, 11 U.S.C.M.A. 377, 29 C.M.R. 193 (1960); para. 68*g*, Manual, *supra*. Lastly, nonjurisdictional errors are normally waived when they are not timely raised at trial, para. 67*a*, Manual, *supra*, and a plea of guilty also waives nonjurisdictional errors that occurred in the earlier stages of the proceedings. *United States v. Lopez*, 20 U.S.C.M.A. 76, 42 C.M.R. 268 (1970).

■ Here, appellant did not raise the claim of immunity at trial, although the military judge expressly asked whether the agreement before him encompassed all the understandings of the parties. Nor has appellant alleged that the Government breached the promises made in exchange for his agreement to plead guilty. The cases of such departures from the agreement are, therefore, inapposite. *See Palermo v. Warden, Green Haven State Prison*, 545 F.2d 286 (2d Cir. 1976), *pet. dismissed*, 431 U.S. 911, 97 S.Ct. 2166, 53 L.Ed.2d 221 (1977); *United States v. Hammerman*, 528 F.2d 326 (4th Cir. 1975); *Geisser v. United States*, 513 F.2d 862 (5th Cir. 1975); *United States v. Kazena*, 11 M.J. 28 (C.M.A.1981). Finally, appellant does not allege that he relied on the promise to his detriment. *See United States v. Kazena, supra* at 34 (Everett, C.J., concurring in result); *United States v. Carter*, 454 F.2d 426 (4th Cir. 1972), *cert. denied*, 417 U.S. 933, 94 S.Ct. 2646, 41 L.Ed.2d 237 (1974); *compare Virgin Islands v. Scotland*, 614 F.2d 360 (3d Cir. 1980), *with Cooper v. United States*, 594 F.2d 12 (4th Cir. 1979). Consequently, we decline to consider appellant's allegations of fact as to a matter alleged to exist before trial that are contrary to the factual representations he made at trial.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge FLETCHER concur.