UNITED STATES, Appellee,

v.

Private (E–2) Henry POOLER, SSN 487–64–3977, United States Army, Appellant.

CM 441104.

U. S. Army Court of Military Review.

30 April 1982.

---

Major Raymond C. Ruppert, JAGC, Major Charles A. Byler, JAGC, Captain David M. England, JAGC, and Captain Edward J. Walinsky, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, and Captain Paul K. Cascio, JAGC, were on the pleadings for appellee.

Before FULTON, CLAUSE and KUCERA, Appellate Military Judges.

## OPINION OF THE COURT ON MOTION FOR RECONSIDERATION

FULTON, Senior Judge:

This court's affirmance without opinion [1] of the appellant's conviction of being an accessory after the fact to murder and of his sentence, including a dishonorable discharge, total forfeitures, and confinement at hard labor for ten years, has evoked a Motion for Reconsideration which,

---

1. *United States v. Pooler,* 13 M.J. 786 (A.C.M.R. 1982) (mem.) (P.C.).

by any fair construction, is only a request that the Court articulate its analysis of the legal issues involved rather than a request that we alter the result reached.

■■■ Among the points urged in support of the motion is the separate opinion in *NLRB v. Amalgamated Clothing Workers of America Local 990*, 430 F.2d 966 (5th Cir. 1970) (P.C.), in which then Chief Judge Brown described the judicial purposes to be served by appellate opinions and counselled judicious application of the court's rule permitting affirmances without opinion in certain cases. There can be no gainsaying the several important functions of an appellate judicial opinion, chief among which "are to state the law, to mollify the litigants, and to make the judges think." Laskey, Observing Appellate Opinions from Below the Bench, 49 Calif.L.Rev. 831 (1961), *as quoted in* R. Leflar, Appellate Judicial Opinions 84 (1974). However, even Chief Judge Brown's opinion in *Amalgamated Clothing Workers* recognized factors that militate against the promulgation of an opinion in each affirmance of a lower court's judgment.[2]

■■■ At bottom, the matter is one within the sound discretion of the appellate court. *See Curci v. United States*, 577 F.2d 815,

818 (2d Cir. 1978), citing *United States v. Hurt*, 9 U.S.C.M.A. 735, 756, 27 C.M.R. 3, 24 (1958); 5 Am.Jur.2d *Appeal and Error* § 901 (1962); 21 C.J.S. *Courts* § 217b (1940).[3] Appellant's motion appears to be based on the unstated premise that we abused our discretion in failing to state reasons for our decision affirming his conviction and sentence. In particular, he refers to this Court's obligation to "apply principled rules for the guidance of trial courts, lawyers, and litigants ... [so as to guide] lower courts in cases that arise in the future, and ... [enable] the bar to predict the outcome for future litigants."

To assist us in fulfilling our responsibilities under Article 66(c) of the Uniform Code of Military Justice, 10 U.S.C. § 866(c) (1976), which commands our review of the entire record, including matters of credibility and weight of evidence and the appropriateness of sentences, the appellant raised four points of error for our consideration. The first was as to the sufficiency of the evidence to prove his guilt beyond a reasonable doubt, the argument pertaining to which additionally included a legal question regarding the nature of conduct constituting one an accessory after the fact. The second and third points alleged instructional

---

**2.** Courts of Military Review are charged with reviewing both the findings of guilty and the sentence in all court-martial cases in which the approved sentence extends to dismissal, a punitive discharge, or confinement for one year or more, or affects a general or flag officer, as well as other cases when referred to the court by a Judge Advocate General. Uniform Code of Military Justice, articles 66(b), 69, 10 U.S.C. §§ 866(b), 869 (1976). The Courts of Military Review are not immune from the burgeoning caseloads that have affected the civilian courts, although the causes may differ. According to figures released by the Defense Appellate Division, from an average of 132 filings per month in this Court in 1979, the number rose to an average of 204 per month in 1981. An early commentator on the operation of the Uniform Code of Military Justice expressed surprise that the boards of review, as these courts were then known, were able to write as many opinions as they did. B. Feld, A Manual of Courts-Martial Practice and Appeal 124 n.7 (1957).

**3.** Appellant points out that the Supreme Court has, in certain circumstances, required of the Courts of Appeal more than a summary opin-

ion. The occasion, however, involved a reversal, rather than an affirmance, of the District Court under circumstances in which the Supreme Court could not determine whether the court's decision raised a Federal question. *Taylor v. McKeithen*, 407 U.S. 191, 194 n.4, 92 S.Ct. 1980, 1982 n.4, 32 L.Ed.2d 648 (1972); *see also Sumner v. Mata*, 449 U.S. 539, 548–49, 101 S.Ct. 764, 770, 66 L.Ed.2d 722 (1981). Appellant also has invited our attention to Judge Wright's criticism of the military appellate courts in *Hatheway v. Secretary of the Army*, 641 F.2d 1376, 1379, 1380 n.4 (9th Cir. 1981). However, the criticism was directed at the content of the opinions and was not fully warranted since the Court of Military Review opinion did in fact discuss certain of the issues presented and the Court of Military Appeals expressly based its decision on the constitutional question squarely on its analysis of the same question in another opinion. *See United States v. Hatheway*, 5 M.J. 370 (C.M.A.1978) (mem.), *aff'g United States v. Hatheway*, No. CM 434634 (A.C.M.R. 11 Nov 1977) (P.C.).

error by the trial judge. The fourth point was as to the appropriateness of the sentence. Neither counsel sought to orally argue these points. *Cf. United States v. Willis*, 13 M.J. 93 (C.M.A.1982) (No. 42400/AR) (Order Denying Petition) (Everett, C. J., dissenting). We found no insufficiency of evidence, no error of law, and determined that the sentence was both legal and appropriate under the circumstances.

■ Only in rare cases would detailed recital of facts found sufficient and matters confirming the appropriateness of a particular sentence be of future assistance to the bench and bar. This case is not one of them. In addition, the errors of law asserted were so dependent upon the unique facts of the case that explication of them would prove to be of little more than academic interest to other than the parties. Further, as has heretofore been observed, the function of an opinion in providing guidance to the bench and bar for future problems of a like nature probably is less important when the opinion is that of an intermediate appellate court rather than that of a court of last resort. *Sarty v. Forney*, 12 Or.App. 251, 506 P.2d 535, 536 (1973) (Schwab, C. J.).[4] Meanwhile, the appellant, despite the short form of opinion used, has received assurance that the Court reviewed the entire record and considered all points raised by him or on his behalf. *But see United States v. Grostefon*, 12 M.J. 431, 436–37 (C.M.A. 1982).

■ As former Chief Judge Brown, in the case cited by appellant, also said—

[O]ur experience, bearing out that of appellate courts generally, is convincing that in a number of cases there is no real need for an opinion at all. Where in a given case that is the considered judicial judgment of three Judges comprising a panel, then it is perfectly obvious that the now limited and precious judicial resources can be husbanded by a procedure which eliminates that unnecessary opinion.

*NLRB v. Amalgamated Clothing Workers of America Local 990*, 430 F.2d at 971.[5]

The appellant's Motion for Reconsideration is denied.

Judge CLAUSE and Judge KUCERA concur.

UNITED STATES, Appellee,

---

4. We would, of course, endeavor to avoid leaving the Court of Military Appeals in doubt as to the basis on which we exercised our powers. *United States v. Bunting*, 6 U.S.C.M.A. 170, 174, 19 C.M.R. 296, 300 (1955); *see United States v. Bell*, 7 M.J. 108 (C.M.A.1979); *United States v. Little*, 1 M.J. 476 (C.M.A.1976); *see also United States v. Doran*, 9 M.J. 385 (C.M.A. 1980) (sentence reassessment); *United States v. Dukes*, 5 M.J. 71, 72–73 (C.M.A.1978) (same); *cf. United States v. Leslie*, 11 M.J. 131 (C.M.A.1981) (divided C.M.R.).

5. We do not, however, disagree with Judge Brown's call for restraint in deciding cases without opinion, 430 F.2d at 972–73. For an even stronger view see P. Carrington, D. Meador & M. Rosenberg, Justice on Appeal 31–35 (1976).