**UNITED STATES**

v.

**Robert ORTIZ, 521 70 5134, Master Sergeant (E–8), U.S. Marine Corps.**

**NMCM 87 2408.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 1 April 1987.

Decided 15 Jan. 1988.

Maj J.L. POWERS, USMC, Appellate Defense Counsel.

Capt MARK FOSTER, USMCR, Appellate Defense Counsel.

Maj F.F. KRIDER, USMC, Appellate Government Counsel.

Before BYRNE, C.J., and COUGHLIN and RUBENS, JJ.

RUBENS, Judge:

Pursuant to his pleas, appellant was convicted at a general court-martial bench trial of two specifications of rape and two specifications of carnal knowledge, one specification of indecent acts, and one specification of sodomy, in violation of Articles 120, 134, and 125, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920, 934 and 935, respectively. He was sentenced to confinement for 35 years, forfeiture of all pay and allowances, reduction to E–1, and a dishonorable discharge. The convening authority approved the sentence but suspended all confinement in excess of six and one-half years and forfeiture of allowances under certain conditions not relevant to this opinion.

Appellant alleges three errors.[1] The second allegation of error does not merit discussion.

---

1.

**I**

THE APPELLANT'S PLEAS OF GUILTY TO RAPE WERE INVOLUNTARY AND IMPROVIDENT.

**II**

THE CONVENING AUTHORITY FAILED TO FOLLOW MARINE CORPS ORDER 1752.3 BY REFERRING THE ALLEGED OFFENSES TO A COURT–MARTIAL RATHER THAN TAKING ADMINISTRATIVE ACTION IN THE FORM OF MANDATED REHABILITATION.

**III**

A SENTENCE WHICH INCLUDES AN UNSUSPENDED SIX-AND-A-HALF YEAR CONFINEMENT TERM IS INAPPROPRIATELY

The first alleged error is that the guilty pleas to the two specifications of rape (Specification 4 of Charge I and the Specification of the Additional Charge) were involuntary and improvident.[2] There is no affidavit or other support in the record for appellant's assertion that the pleas were involuntary. Appellant states in his brief that "he was coerced by his defense counsel into entering pleas of guilty to rape even though he told his counsel that the sexual intercourse which took place was with his stepdaughter Heather's consent," that he "personally told the defense counsel that the sexual intercourse was consensual," and that the "defense counsel threatened appellant by telling him that if he did not plead guilty to the rape charges he would never see his family again" and his defense counsel "forced him to use certain language during the providency inquiry." Appellant's Brief at 3. These unsworn assertions, however, are effectively contradicted by appellant's sworn statements during the providency inquiry.[3] *United States v. Joseph*, 11 M.J. 333 (C.M.A.1981). The record clearly demonstrates that the pleas were voluntary.

Appellant also asserts that the pleas to the rape specifications were improvident because he did not provide the factual predicate for the element of force and lack of consent. After correctly advising appellant of the rights he waived by a guilty plea and the elements of the alleged offenses, and defining the important terms (including force and lack of consent; *see* R. 17), the military judge questioned him under oath about the offenses to which he had pled guilty in accordance with Article 45, UCMJ, 10 U.S.C. § 845; Rule for Courts-Martial (R.C.M.) 910, Manual for Courts-Martial, United States, 1984 (MGM); and *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). With respect to the two alleged rapes of his 17-year-old stepdaughter, appellant stated that "at no time was there any physical force applied." R. 37. Upon further questioning, however, appellant stated that he was the aggressor of the sexual intercourse and used mental pressures on her (R. 38); that he threatened to withhold certain favors from her (staying out late, borrowing the car, going to the beach, and seeing her boyfriend) if she did not consent to intercourse (R. 38–43); that she had "no choice" but to have sexual intercourse with him if she wanted to enjoy these privileges (R. 38–43); that she was depressed and cried because she had to do these things (R. 39); and that he used "subtle pressure" on her (R. 47–49). Appellant now asserts that these acts may constitute "force" in the generic sense of that term but do not constitute actual or constructive force (*i.e.*, the threat of death or grievous bodily harm) as required by paragraph 45c(1)(b), Part IV, MCM, and appellate case law. The Government relies principally on *United States v. Dejonge*, 16 M.J. 974 (AFCMR 1983), in which the Air Force Court of Military Review found constructive force where the sexual intercourse was accomplished under the compulsion of long continued parental duress.[4] As in *Dejonge, supra,* appellant described his relationship with his stepdaughter as one of parental duress of long duration. R. 42. Appellant's threat to withdraw his stepdaughter's privileges, moreover, meant that she would leave home less often and, therefore, that appellant could spend more time with her thereby increasing the potential of further sexual advances by appellant. This factual predicate would not establish the element of force and lack of consent if the perpetrator and the victim had been strangers. In this case, however, the perpetrator and the victim are in the relationship of stepfather and stepdaughter. Most importantly, appellant described this long continued parental duress as being "force and lack of consent" as that term is understood in military

---

SEVERE UNDER THE FACTS OF THIS CASE.

2. "Improvidency" includes involuntary pleas, but we will treat them separately because they are discussed separately in appellate defense counsel's brief. See Rule for Courts-Martial (R.C.M.) 910(d), Manual for Courts-Martial, United States, 1984.

3. *See* R. 37–44, 46–49, 52.

4. *See also United States v. Hicks,* 24 M.J. 3 (C.M.A.1987) (extortion), and *United States v. Clark,* 15 M.J. 974 (ACMR 1983), *pet. denied,* 17 M.J. 16 (C.M.A.1983) (parental duress).

law. R. 44, 49. It is not reasonable to expect the military judge to elicit during the providence inquiry all the subtle acts and nuances of behavior extending over many years which constituted appellant's relationship with his stepdaughter.[5] It is enough that appellant provided the military judge with some of the important details of this relationship and that he characterized the sexual acts with his stepdaughter as having been achieved by the requisite force and lack of consent. We are satisfied that the factual predicate was sufficient and that the pleas of guilty to the two rape specifications are provident.

■ The third allegation of error is that a sentence which includes an unsuspended six and one-half year confinement term is inappropriately severe under the facts of this case. The military judge sentenced appellant to, *inter alia*, confinement for thirty-five years. The pretrial agreement required the convening authority to sus-

pend all confinement in excess of twelve years. In response to R.C.M. 1105 matter, however, which specifically suggested a confinement term of six years, the convening authority exercised substantial clemency and suspended all confinement in excess of six and one-half years. We find the approved sentence, as partially suspended, appropriate under all the egregious circumstances of this case.

Accordingly, the findings and the sentence as approved on review below are affirmed.

Chief Judge BYRNE and Judge COUGHLIN concur.

---

5. *See also United States v. Penister*, 25 M.J. 148, 153 (C.M.A.1987) (Cox, J., concurring) (human nature for accused to rationalize during providence inquiry).