UNITED STATES, Appellee,

v.

Private E1 Charles H. SARGENT,
009–42–7678, United States
Army, Appellant.

ACMR 8902720.

U.S. Army Court of Military Review.

7 Oct. 1991.

For Appellant: Kenneth G. Gale (argued), Lieutenant Colonel Russell S. Estey, JAGC, Captain Lauren B. Leeker, JAGC (on brief).

For Appellee: Captain Timothy J. Saviano, JAGC (argued), Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Denise J. Arn, JAGC (on brief).

Before NAUGHTON, GRAVELLE and JOHNSTON, Appellate Military Judges.

## OPINION OF THE COURT
## ON REMAND

NAUGHTON, Senior Judge:

A military judge sitting as a general court-martial convicted the appellant, contrary to his pleas, of two specifications of

rape, sodomy with a child under the age of sixteen, forcible sodomy, and wrongfully communicating a threat to kill, in violation of Articles 120, 125, and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 920, 925, and 934 (1982), respectively. The convening authority approved the appellant's adjudged sentence of a dishonorable discharge and confinement for ten years.

This case was previously before this court and at that time we affirmed the findings of guilty and the sentence. *United States v. Sargent*, ACMR 8902720 (A.C.M.R. 30 Apr. 1990) (unpub.). In his petition to the Court of Military Appeals the appellant, for the first time, raised the issue of insufficiency of the evidence as to Additional Charges I and II.[1] The Court of Military Appeals set aside our decision in this case and remanded it for our consideration of the issue now raised. *United States v. Sargent*, 32 M.J. 53 (C.M.A.1990).

## I. FACTS

In 1979, A.L.,[2] her mother, and her younger sister T.E., began living with the appellant; four years later the appellant married A.L.'s mother. When A.L. was thirteen she complained that the appellant was molesting her. Acting on this complaint, Vermont authorities placed her in a foster home for two years. During the first year she was not allowed to see her mother and sisters. In 1987 A.L. began living with the appellant, her mother, and her sister in Colorado. During the period 1 August 1988 to 15 December 1988 the appellant had sexual intercourse with A.L. three times. The appellant contends the intercourse was consensual, however A.L. testified she told the appellant "no" on each occasion. According to her testimony, the appellant would begin to fondle her and she would tell him no, but he would keep fondling her, saying nothing. He would

then remove her clothes, orally sodomize her, and have intercourse with her. A.L. testified that after the third incident the appellant said "nobody can find out about this can they." A.L. did not physically resist at all except to say no when he first began to fondle her. The first two times occurred in August 1988 when A.L. lived in the appellant's house, the third incident occurred late November early December, after she had moved out, at a time when she was visiting for a few days.[3] A.L. testified that she did not resist because she was afraid of the appellant. Her reasons for being afraid were: he had hit her in the face and on the arms on previous occasions, (but she testified he had not hit her in 1987 or 1988); she had seen him hit her mother once or twice; and she thought he was crazy because when he drank he got mad, however, there was no testimony that the appellant had been drinking during any of the three incidents with A.L.

T.E. also testified that she was scared of the appellant and therefore did not physically resist, except to tell him to stop, when he began to fondle her. T.E. testified that in December 1988, when she was fourteen, the appellant told her to take off her clothes as they were driving in the car. When she initially refused he told her to jump out of the car. After she took off her clothes the appellant stopped the car. He began to fondle her breasts and vagina. The appellant continued to fondle her, despite her plea for him to stop, then orally sodomized her and had intercourse with her.

## II. SUFFICIENCY OF THE EVIDENCE

■ The standard for this court's review for legal and factual sufficiency of the evidence is well settled:

> The test for the former is whether, considering the evidence in the light most favorable to the prosecution, a reason-

---

1. Additional Charge I charges the appellant with rape of his stepdaughter A.L., additional Charge II charges him with committing sodomy by force and without consent on A.L.

2. A.L. was born 2 September 1970.

3. A.L. moved out on her eighteenth birthday and in October 1988 was married. In late November, while pregnant, she moved back with the appellant and her mother because her husband, a soldier, was in the field and she was experiencing severe morning sickness.

able fact finder could have found all the essential elements beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). For factual sufficiency, the test is whether, after weighing the evidence in the record of trial and making allowances; for not having personally observed the witnesses, the members of the Court of Military Review are themselves convinced of the accused's guilt beyond a reasonable doubt. *United States v. Turner,* 25 M.J. 324, 324–325 (C.M.A.1987); Article 66, UCMJ, 10 U.S.C. § 866. We find that the military judge was correct in finding that the evidence contained all of the elements of the offenses charged and we are convinced beyond a reasonable doubt of the appellant's guilt.

■ Merely because A.L. testified that she did not desire to engage in the act of sexual intercourse does not alone establish that she was raped. *Mills v. United States,* 164 U.S. 644, 648, 17 S.Ct. 210, 211, 41 L.Ed. 584, 585 (1897). Article 120(a), UCMJ, requires proof of lack of consent and force. Manual for Courts–Martial, United States, 1984 [hereinafter MCM 1984], Part IV, para. 45c(1)(b), describes force and lack of consent, elements of the offense of rape, as follows:

> Force and lack of consent are necessary to the offense. Thus, if the female consents to the act, it is not rape. The lack of consent required, however, is more than mere lack of acquiescence. If a woman in possession of her mental and physical faculties fails to make her lack of consent reasonably manifest by taking such measures of resistance as are called for by the circumstances, the inference may be drawn that she did consent. Consent, however, may not be inferred if resistance would have been futile, where resistance is overcome by threats of death or great bodily harm, or where the female is unable to resist because of the lack of mental or physical faculties. In such a case there is no consent and the force involved in penetration will suffice. All the surrounding circumstances are to be considered in determining whether a

woman gave her consent, or whether she failed or ceased to resist only because of a reasonable fear of death or grievous bodily harm.

■ Constructive force, which may consist of expressed or implied threats of bodily harm, can satisfy the force element required for rape. *United States v. Hicks,* 24 M.J. 3 (C.M.A.1987), *cert. denied,* 484 U.S. 827, 108 S.Ct. 95, 98 L.Ed.2d 55 (1987) (although victim offered no resistance, accused was guilty of rape when he threatened to report the victim's boyfriend's misconduct if she did not submit, and indicated his intent to use whatever force was necessary to accomplish intercourse); *United States v. Bradley,* 28 M.J. 197 (C.M.A.1989) (coercive nature of accused's late night visit to victim's secluded trailer and threat to have her husband imprisoned for three years unless she submitted to his sexual demands met element of force for rape). Constructive force may also exist when the victim and her assailant are involved in a parent-child relationship because the child may submit under the compulsion of parental command. *See United States v. Ortiz,* 25 M.J. 840 (N.M.C.M.R.1988), *review denied,* 27 M.J. 1 (1988); *United States v. DeJonge,* 16 M.J. 974 (A.C.M.R.1983); *United States v. Torres,* 27 M.J. 867 (A.F.C.M.R.1989), *set aside on other grounds,* 29 M.J. 299 (1989), *review denied,* 30 M.J. 226 (C.M.A.1990); and *United States v. Clark,* 15 M.J. 974 (A.C.M.R.1983), *pet. denied,* 17 M.J. 16 (C.M.A.1983). Sexual activity between a parent and a minor child is not comparable to sexual activity between two adults with a history of consensual intercourse. The youth and vulnerability of children, coupled with the power inherent in a parent's position of authority, creates a unique situation of dominance and control in which explicit threats and displays of force are not necessary to effect the abuser's purpose. *State v. Etheridge* 319 N.C. 34, 352 S.E.2d 673, 681 (1987).

■ Although it has been recognized that a parent can exert a moral, psychological, or intellectual force over a child which

is the compulsory equivalent of a threat or intimidation, the existence of the parental relationship is not enough, and the existence of force still must be proven. *United States v. Palmer*, 33 M.J. 7 (C.M.A.1991) (force element was met because the accused was a very large man, the primary disciplinarian, and his twelve year old daughter was scared of him). In the majority of the rape cases involving constructive force there are additional factors contributing to the existence of force. *See Hicks*, 24 M.J. 3 (C.M.A.1987) (assailant said he was going to give it to her anyway) and *Bradley*, 28 M.J. 197 (assailant made statements about his ability to kill without weapons).

 The existence and reasonableness of the victim's fear of bodily harm under the totality of the circumstances are questions of fact. The military judge heard the evidence, observed the victim's demeanor and obviously concluded that appellant's acts were sufficient to reasonably create in the victim's mind, having regard for the circumstances in which she was placed and her age, size, and mental condition, genuine fear of bodily harm. We agree for the reasons set forth below.

At the time of the alleged rapes A.L. was seventeen and eighteen and already the mother of a child. She was not a young woman unwise to the ways of the world. Despite her lack of resistance to her stepfather's unwanted sexual advances based on her fear of him was reasonable. The appellant had previously hit A.L. in the face, on the arms and other areas, although not in the past two years. A.L. testified she had witnessed the appellant fighting with her mother and on at least two occasions hit her mother. Most significant, A.L. had previously been sexually abused by the appellant and as a result had been removed from the home and prevented from seeing her mother and sisters. Under the circumstances, it is apparent that resistance would result in physical abuse and A.L.'s saying no to the appellant was sufficient manifestation of her lack of consent. *United States v. Williamson*, 24 M.J. 32, 34 (C.M.A.1987) (the totality of the circumstances must be taken into consideration in determining whether a woman consented to sexual intercourse).

An honest and reasonable mistake of fact as to the victim's consent is a defense. *United States v. Carr*, 18 M.J. 297 (C.M.A.1984). However, the evidence is clear that any mistake as to A.L.'s consent would be unreasonable and therefore not a defense.

The findings of guilty and the sentence are affirmed.

GRAVELLE and JOHNSTON, JJ., concur.